## Pelosi *v.* Hoffman, Appellant.

Argued October 5, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Thomas E. Comber, Jr.,* and with him *Alfred T. Steinmetz,* for appellant.

*William G. Wright,* and with him *Robert P. F. Maxwell* and *George F. Blewett,* for appellee.

OPINION BY KELLER, J., November 21, 1928:

The provision in section 25 of the Act of June 30, 1919, P. L. 678, that where two vehicles approach the intersection of two highways at the same time the vehicle approaching from the right shall have the right of way,—relied on by appellant—has no application in this case. Here there was no intersection of two highways, and the parties were not approaching from different streets. Both plaintiff and defendant were traveling at night in the same direction (northerly) on Roosevelt Boulevard, at a point where it consisted of three roads or drives: a middle drive in which traffic goes both northerly and southerly; an eastern drive in which traffic goes only northerly; and a western drive in which traffic goes only southerly. The plaintiff was proceeding toward the north on the right hand side of the middle drive, the defendant on the eastern drive. 'D' Street is not opened on either side of the boulevard, but at that point there is a cross-over where vehicles may turn from one drive into another. As the plaintiff approached this cross-over and when

he was about sixty feet distant from it, he slowed up, looked in both directions and saw no car ahead of him at the cross-over, but saw the lights of a truck or automobile on the eastern drive about twenty-five feet back of him and traveling in the same direction. He proceeded ahead and when he was nearly across the cross-over was hit in the rear of his car, right hand side, by defendant's truck which had turned in from the eastern drive. The court properly left the questions of the defendant's negligence and the plaintiff's contributory negligence to the jury which found in favor of the plaintiff.

The rule relied on by the appellant, as above, applies only where two vehicles are approaching the intersection of two streets, from different streets. It has no application to two vehicles traveling in one direction on the same street, and approaching an intersecting street not used by either of them. It is to the vehicle approaching on the right *from said intersecting street* that section 25 of the Act of 1919 (and subsequent acts containing the same provision) gives the right of way. Where two cars are traveling in a parallel direction on the same street, the one on the right has no superior right of way over the one on the left, at either a cross-over or intersecting street, which justifies his cutting in ahead of the car on his left, or running into its rear. On the contrary he must wait until it is reasonably safe for him to cut across.

The rules applicable to intersecting streets do not control this case.

The judgment is affirmed.