Liebert *v.* Freihofer Baking Company, Appellant.

Argued October 10, 1929. Be-
fore PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP,
CUNNINGHAM and BALDRIGE, JJ.

*Clarence L. Walker,* and with him *Daniel W. Simpkins* and *Wm. Y. C. Anderson,* for appellant.

*Todd Daniel,* for appellee.

OPINION BY CUNNINGHAM, J., December 12, 1929:

About one o'clock on the morning of December 31, 1927, plaintiff's automobile, in the custody of his friend, S. R. Muckel, and defendant's five-ton truck with a five-ton trailer attached, operated by its employe, W. L. Miller, were proceeding south on 56th Street between Vine and Summer Streets in the City of Philadelphia. As the driver of the truck and trailer, having a combined length of approximately fifty feet, attempted to turn to the right from 56th Street, thirty-four feet between curbs, into Summer Street, twenty feet in width, to go west on that street, the truck and automobile, a Peerless sedan, came into collision, the automobile then being to the right of the truck; the truck left the roadway, crossed the sidewalk at the southwest corner of 56th and Summer Streets and crushed the automobile against a pole erected on the south side of Summer about twelve feet west of 56th. Neither driver was injured but plaintiff's automobile was wrecked. In an action to recover damages for the injuries to his car a jury in the municipal court of Philadelphia County rendered a verdict in plaintiff's favor for $311, upon which judgment was entered by the court after overruling defendant's motion for judgment n. o. v. We now have this appeal by defendant.

The errors assigned are the refusal of appellant's points—the first asking the court to charge that plaintiff's driver had been guilty of contributory negligence, and the second requesting binding instructions—and the dismissal of its motion for judgment n. o. v. Our inquiry therefore is whether binding instructions should have been given.

The stories of the respective drivers are irreconcil-

able. Considering the testimony in the light most favorable to the plaintiff, as we must in disposing of the questions raised by this appeal, there was evidence from which the jury could reasonably find that the accident occurred under these circumstances: The night was wet and the street slippery and no other vehicles were in the block. Plaintiff's driver approached Vine Street, 248 feet north of Summer, at a speed of about ten miles per hour and there observed the truck and trailer just ahead of him; as he crossed Vine Street the truck "pulled clear over to the east curb" of 56th. After crossing Vine plaintiff's driver increased his speed to approximately eighteen miles per hour and proceeded on the right side of the street and of the truck. His version of the accident reads: "A. Why right after I crossed Vine Street I pulled up by the truck itself around about in the middle of the truck. Q. Toward the middle of the truck. That is on a line toward the middle of the truck? A. Yes, sir. Q. Now, will you tell the jury what happened then? A. Why, I kept on going, and I expected he was intending to stop but he kept on going, and I kept beside him. When he crossed Summer Street I thought I [would] pass him then because he had slowed down and I intended to pass him but right as we got near Summer he cut diagonally across me and right back of the center of the truck caught the side of the car. When it caught the side of the car I don't know whether he tried to swing or not but he drug me along with him, and when he crashed into the side of the car he went up over the pavement, went up the steps, knocked the whole store front out of a store, ...... and had the car I was driving pinned in between the truck and the telegraph pole. And there was no rear light on the trailer. ...... Q. As you approached Summer Street did you give any signal? A. I blowed my horn and I had my lights lit. Q. Did you observe any signal by

the truck of turning? A. There was no signal that he was intending to stop or turn or anything. When he pulled to the left curb, that is the east side of 56th Street, I didn't know whether he was going to stop or drive down that side. Q. How much distance was there between that car and the truck just before he hit you? A. Well, there was about anyway fifteen feet between the two, between the left side of my car and the right side of the truck.''

When the truck started to make the turn the front of plaintiff's car was about eleven feet behind the front of the truck; plaintiff's driver insisted that he had his car under control approaching Summer Street and did not intend to pass the truck until it had crossed that street. In behalf of appellant, the testimony of the driver of the truck was to the effect that he was driving at a rate not exceeding twelve miles per hour on the right side of 56th Street and within seven or eight feet of the western curb, leaving room for vehicles to pass on his left; that there were lights on the side and in the rear of both truck and trailer; and that, as he was turning into Summer in second gear and at four or five miles per hour, plaintiff's driver, without giving any signal of his approach, drove into the truck, causing him to lose control and run up on the pavement.

The issues of fact arising under this conflicting testimony were submitted to the jury in a charge so fair and adequate that no exception was taken to it; the jury also had the advantage of an inspection of the truck and trailer. We think the case was necessarily for the jury, both on the question of the negligence of appellant's driver and of the contributory negligence of the driver of plaintiff's car. The trial judge would not have been justified in declaring that it was contributory negligence, as a matter of law, for plaintiff's driver to proceed, under the circumstances as detailed by him, upon the right of the truck: Piper v. Adams

Express Co., 270 Pa. 54; Zandras v. Moffett, 286 Pa. 477. On the other branch of the case, we need only say that, when two vehicles are traveling in a parallel direction on the same street, it is negligence for the driver of either to cut in ahead of the other, suddenly and without due warning: Zandras v. Moffett, supra; Pelosi v. Hoffman, 94 Pa. Superior Ct. 398. The credibility of the witnesses was for the jury and there was evidence from which they could find that appellant's driver had operated his truck in a negligent manner and that his negligence was the proximate cause of the collision. None of the assignments can be sustained.

Judgment affirmed.