Thomas W. Church et ux. v. American Stores Company, Inc., Appellant.

428

Argued October 7, 1931. Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thomas J. Clary,* and with him *Richard A. Smith* and *Louis Wagner,* for appellant.

*Irwin F. Holt,* and with him *J. Webster Jones,* for appellees.

Opinion by Baldrige, J., December 26, 1931:

On the afternoon of February 14, 1930, Mrs. Church was driving her husband's two-door Ford sedan in a westerly direction on the West Chester Pike. This is a very wide thoroughfare with two trolley car tracks in the center and a double lane for one-way traffic

on each side thereof. Mrs. Church was travelling on the left-hand aisle, next to the car tracks. Under the evidence offered by the plaintiff, when she was approaching Springfield Avenue, which makes a T junction with the south side of the West Chester Pike, she attempted to pass defendant's truck which was moving in the same direction at a slow rate of speed. When Mrs. Church was along side of the truck, and about ten feet from the point where Springfield Avenue joins the West Chester Pike, the truck suddenly swerved and struck her car with such force as to overturn it. The damage to the Ford car extended from the door towards the rear.

The appellant argues that the collision occurred at the intersection when the truck driver desired to turn to the left and that Mrs. Church was guilty of negligence in attempting to pass in such circumstances. Under the plaintiff's evidence, which we must regard in the most favorable light, the jury could have found that the driver of defendant's truck, before reaching the point where Springfield Avenue joins West Chester Pike, attempted suddenly to cut ahead of the Church car without sufficient warning, thereby rendering him guilty of negligence: Zandras v. Moffett, 286 Pa. 477; Pelosi v. Hoffman, 94 Pa. Superior Ct. 398. Whether the driver held out his hand, as he testified, and attempted to turn at a proper place with necessary precautions, were questions for the jury. The issues involved were very fairly submitted to that tribunal by the learned judge below. We find no error in refusing motions for a new trial and judgment n. o. v.

Judgments are affirmed.