## Gray, Appellant, *v.* Fox.

*Negligence—Automobiles—Collision at crossing — Contributory negligence.*

In an action to recover damages for injuries resulting from a collision of two automobiles at a crossing, the plaintiff cannot recover, if the evidence shows that in approaching the crossing he did not have his car under control, and was not prepared to stop immediately if danger threatened; and this is the case even if it

218, (1918).]	Syllabus—Opinion of the Court.

appeared that the defendant was negligent in not having his car under control, in not sounding his horn, and in not making proper observation ahead.

It is the duty of one approaching the crossing of a street intersection, to have his vehicle under control; and to observe what is or may be approaching on the other street; and where another vehicle is first at the crossing to give it an opportunity to clear the same; and to use due care to avoid a collision.

Argued Oct. 18, 1917.	Appeal, No. 186, Oct. T., 1917, by plaintiff, from order of Municipal Court, Philadelphia Co., Dec. T., 1915, No. 402, refusing to take off nonsuit in case of Albert R. Gray and Sarah M. Gray, by her father and next friend, Albert R. Gray, v. L. Webster Fox, Jr. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.	Affirmed.

Trespass to recover damages for personal injuries. Before BONNIWELL, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Louis Jaquette Palmer,* with him *Williams & Sinkler,* for appellants.

*John P. Connolly,* for appellee.

OPINION BY KEPHART, J., March 2, 1918:

"It is the duty of one approaching the crossing of a street intersection to have his vehicle under control; and to observe what is or may be approaching on the other street. And where another vehicle is first at the crossing to give it an opportunity to clear the same; and to use due care to avoid a collision": McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478. The appellant, the owner and driver of the car, has clearly violated this rule. He was driving east on Montgomery avenue,

and as he approached Spring Mill Road, going at the rate of fifteen miles an hour he stated that he looked along Spring Mill Road for the approach of the defendant's car. He was not able to see the car because of the high hedge. He did not make another attempt to see the car when he reached the intersection of the two roads. His car was not under control, and he only knew that the car was on Spring Mill Road when it struck his car. Had he observed this rule and made an effort to see what was approaching on the other road, the accident would not have happened. He testified that it was a very dangerous crossing. While the defendant was negligent, the plaintiff was not free from negligence. The plaintiff was not relieved of the duty of having his car under control, prepared to stop immediately if danger threatened. His contributory negligence in not exercising due care in approaching the crossing prevents a recovery even if the appellee were negligent. The court was clearly right in directing a verdict for the defendant.

The assignments of error are overruled and the judgment of the court below is affirmed.