# Zandras v. Moffett, Appellant.

*Appeals—Evidence of plaintiff—Inferences—Physical facts.*

1. On an appeal from a judgment on a verdict for plaintiff in a negligence case, the evidence offered by plaintiff with all legitimate inferences to be drawn therefrom, is alone to be considered, but in passing upon it, the appellate court cannot accept as true statements which incontrovertible physical facts show to be inaccurate.

*Negligence—Automobiles—Law of the-road—Passing to the left —Act of June 30, 1919, P. L. 678.*

2. The provision in the Act of June 30, 1919, P. L. 678, directing vehicles in the rear in passing others to go around those in front to the left, does not require that, in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle or the volume of traffic, a vehicle must turn to the left in passing another traveling in the same direction.

3. Passing other than on the left does not in itself establish negligence and authorize a recovery for damages arising from an accident which follows, unless such movement was the efficient cause of a collision ensuing.

4. If a driver suddenly shifts his line of travel, causing the one in the rear to turn away as a consequence of the sudden emergency, the former may be said, under proper circumstances, to have failed to use reasonable care, and be held responsible for loss resulting.

5. Where an automobile passes a truck, moving to a place "right in front of it," and continues to advance in that position for ten or fifteen feet and then stops in obedience to a signal plainly in sight of the advancing traffic, the driver of the truck is guilty of negligence if he hits the forward car.

6. In such case it was the duty of the driver of the truck to look out for the signal and to have his machine under such control as to enable him to stop on seeing the signal, and avoid a collision.

*Negligence—Automobiles — Contributory negligence — Permitting unlicensed driver to drive car.*

7. Where the regular driver of an automobile permits an unlicensed person to run the car while he sits at his side, he is chargeable with the contributory negligence of his associate in driving the car.

Argued April 21, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 187, Jan. T., 1926, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1924, No. 6096, on verdict for plaintiff, in case of Ignaz Zandras v. John Moffett. Reversed.

Trespass for personal injuries.   Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,975.76. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting record.

*Ralph B. Evans,* for appellant.—There was no evidence of negligence: Piper v. Express Co., 270 Pa. 54; Nold v. Lumber Co., 276 Pa. 195; Maue v. Rys., 284 Pa. 599; Lessig v. Transit & Light Co., 270 Pa. 299.

Plaintiff was guilty of contributory negligence: Wollaston v. Park, 47 Pa. Superior Ct. 90; Hepps v. R. R., 284 Pa. 479; Gray v. Fox, 69 Pa. Superior Ct. 218.

W. Y. C. *Anderson,* with him *William Charles Brown,* for appellee.—There was evidence of defendant's negligence: Baker v. Fehr, 97 Pa. 70; Nold v. Lumber Co., 276 Pa. 195; Smith v. Cab Co., 285 Pa. 229.

Plaintiff was not guilty of contributory negligence.

OPINION BY MR. JUSTICE SADLER, May 26, 1926:

Plaintiff Zandras brought an action to recover damages for injuries received in an automobile collision. Binding instructions, asked by Moffett, the defendant, were refused, and a motion for judgment, notwithstanding the verdict returned, was overruled. This appeal followed, it being contended that no negligence was proved, and, further, that the harm complained of was the result of plaintiff's own failure to exercise due care. The evidence adduced at the trial was conflicting, and, in some particulars, diametrically opposed. For present purposes, that offered by plaintiff, with all legitimate inferences to be drawn therefrom, is alone to be considered. In passing upon it, however, we cannot accept as true statements which incontrovertible physical facts show to be inaccurate: Maue v. Pittsburgh Rys. Co., 284 Pa. 599; Lessig v. Reading Transit & Light Co., 270 Pa. 299.

It appeared the truck of plaintiff, weighing about five tons, was moving north on Broad Street, Philadelphia. Upon signal it stopped, and, at the time, the smaller business car of Moffett was in the rear. When traffic was released by the signal lights, both moved forward to the north, and, before Brown Street was reached, defendant's vehicle passed that of Zandras on the right side, assuming plaintiff's testimony to be true. "There is nothing in the provision [of the Act of June 30, 1919, P. L. 678, section 25, directing cars in the rear to go around those in front to the left] to indicate an intention of the legislature to require that, in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle or volume

of the traffic, a vehicle must turn to the left in passing another traveling in the same direction. For example, on a wide boulevard such as Broad Street, Philadelphia, or where traffic is congested, such regulation might be unnecessary or even unreasonable and a serious hindrance or menace to the traffic": Piper v. Adams Express Co., 270 Pa. 54, 58. Cars frequently run abreast on wide avenues, and the one, though on the right, if advancing at a greater speed, necessarily goes by the slower moving vehicle in that position: Smith v. Yellow Cab Co., 285 Pa. 229. Passing other than on the left, does not in itself establish negligence and authorize a recovery for damages arising from an accident which follows, unless such movement was the efficient cause of a collision ensuing (Stubbs v. Edwards, 260 Pa. 75; Grein v. Gordon, 280 Pa. 576; Bollinger v. Greenaway, 83 Pa. Superior Ct. 217), and that this was true in the present case was not contended.

It is insisted that the car of defendant, after passing on the right side, was turned to the left in front of the truck, and then suddenly stopped without signal. As a result, the driver in the rear was forced to veer to his left, and failed to effect a clearance, and the back of the then standing car of defendant, which had gone ahead, was struck. Zandras, sitting on the right front seat of the truck, approaching from behind, was hit on the leg and injured. It is undoubtedly the law that, if a driver suddenly shifts his line of travel, causing the one in the rear to turn away as a consequence of the sudden emergency, the former may be said, under proper circumstances, to have failed to use reasonable care, and held responsible for loss resulting: Piper v. Adams Express Co., supra; Smith v. Yellow Cab Co., supra; Nold v. Higgins Lumber Co., 276 Pa. 195; Bernstein v. Smith, 86 Pa. Superior Ct. 366. Plaintiff testified the turn to the front here made by defendant's car was within ten or twelve feet of Brown Street. This statement is manifestly incorrect, for it was standing at the south side of

the cross highway when hit from the rear, and its length was a greater distance than that mentioned. The physical facts in evidence clearly disclose the truck was passed, the second car moving to a place "right in front of it," continuing to advance in this position for ten or fifteen feet, and then stopping at the south edge of the cross street in obedience to a traffic signal. At the moment, plaintiff's truck was eight or ten feet directly to the rear. The driver was unable to check it in this intervening space, swerved to the left, and hit the back of the forward car.

It was the duty of both drivers to have their machines under reasonable control, prepared to stop at an intersecting street if vehicles were passing on it, or if directed to do so by the traffic officer, or by the signal provided for direction of car movements. In the instant case, it appeared there was a red warning set farther north on Broad, which made necessary a stop on the south side of the cross highway, known as Brown Street. This silent order was obeyed by defendant, and his machine, then ten or more feet in front of the truck, was brought to a stand. The driver of the motor, in which plaintiff was riding, still farther back, claimed not to have seen the signal, though its presence is not denied, and was unable to stop in time, resulting in the collision. It was the duty of the defendant to cease movement where he did, when the red light was set against him, and, in so doing, he was certainly not guilty of negligence. All drivers, in congested areas with controls installed, must be on the lookout for warnings which they have every reason to see displayed, when necessary, and to have their vehicles, whether light or heavy, under such management as will enable them to promptly obey signals given, which they are bound to discover, and must have seen, if due observation was made. Even though the way has been apparently cleared, the driver cannot advance carelessly so as to make probable an injury to an individual or car in advance: Gilles v. Leas,

282 Pa. 318. A careful examination of all the evidence of plaintiff, viewed in the light of undisputed physical facts, convinces us that no actionable negligence on part of defendant was shown.

On the other hand, the evidence indicates that the truck of the plaintiff was not kept under such control as is required in moving on a thickly traveled highway. Zandras was its regular driver, but, at the time of the accident, was permitting another person, not licensed, to run the machine, while he sat on the right side of the front seat. Under such circumstances, he is chargeable with the acts of his associate, and, if the latter was guilty of contributory negligence, cannot recover: Hepps v. R. R., 284 Pa. 479; Schofield v. Director General, 276 Pa. 508; Wollaston v. Park, 47 Pa. Superior Ct. 90. It was the duty of the driver to use reasonable care, and so regulate his car as to prevent a rear end collision with the one which was moving in front of him: Mehler v. Doyle, 271 Pa. 492; Sutton Press v. Keystone Pipe & Pipe Supply Co., 86 Pa. Superior Ct. 249. Though no special warning was here given by the person in advance, the one in the rear saw that the car had come to a stop, and this was observed while ten or fifteen feet still intervened. He was approaching a street crossing, and was bound to have his vehicle under such command that the same could be brought to a stand at the slightest sign of danger: Robb v. Quaker City Cab Co., 283 Pa. 454; Gray v. Fox, 69 Pa. Superior Ct. 218; Giles v. Leas, supra. Approaching an intersecting street, where he knew, or should have known, the signals might require him to come to a sudden stop, he was under the obligation to diligently look for the directions which might be given. The car of defendant had been moving in front of him, distant at least ten feet, and he was aware that it also would cease moving on the south side of Brown Street, if signalled. It did so, but the truck was not under such control as to enable its driver to do likewise. The evident failure to use the reasonable care required under

the circumstances here appearing, established such contributory negligence as to prevent recovery: Stubbs v. Edwards, supra; Ellison v. Atlantic Refining Co., 62 Pa. Superior Ct. 370.

The judgment is reversed, and the record is remitted with directions to enter judgment for defendant non obstante veredicto.