Lang et al., Appellants, *v.* Hanlon et al.

174

Argued October 3, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*M. M. Berger,* of *Levy, Crone & Berger,* with him *John Duggan, Jr.,* for appellants.—It was the duty of the driver to use reasonable care, and so regulate his car as to prevent a rear-end collision with the one which was moving in front of him: Mehler v. Doyle, 271 Pa. 492; Sutton Press v. Pipe Supply Co., 86 Pa. Superior Ct. 249; Zandras v. Moffett, 286 Pa. 477; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Phillips v. Byrne, 84 Pa. Superior Ct. 216; Sakach v. Antonopolos, 298 Pa. 130; Ferry v. Traction Co., 232 Pa. 403; King v. Brick & Mining Co., 284 Pa. 277; Durning v. Hyman, 286 Pa. 376.

Where the funeral was under the direction, supervision and control of defendant, Freyvogel, who had hired, from the other defendant, Hanlon, the car which was involved in the accident, already equipped with a driver, gasoline and accessories, and the accident occurred en route to the cemetery, either defendant, Freyvogel, or defendant, Hanlon, or both, were liable for the negligence of the driver of the car causing the collision: Vespe v. Rosen, 75 Pa. Superior Ct. 332; Cleary v. Cab Co., 285 Pa. 241; Moraski v. Transit Co., 293 Pa. 224; Cairns v. Spencer, 87 Pa. Superior Ct. 126; Mullen v. McGeagh, 88 Pa. Superior Ct. 381; Gable v. Cab Co., 300 Pa. 37.

*Harold E. McCamey,* of *Dickie, Kier & McCamey,* for appellee.—The mere fact that an automobile comes in contact with a pedestrian or another vehicle, raises no presumption of negligence against the chauffeur: Presser v. Dougherty, 239 Pa. 312; Allen v. Coal Co., 212 Pa. 54; Flanigan v. McLean, 267 Pa. 553.

Where plaintiff offers testimony that the driver of a car is the agent of one defendant and then also testimony showing that he is the agent of the other defendant, there is evidence from which a jury could find whose

agent the driver really was: Walkinshaw's Est., 275 Pa. 121; Mudano v. Transit Co., 289 Pa. 51; Alexander v. Water Co., 201 Pa. 252; Funston v. Ingenito, 282 Pa. 124; Matlack v. Chalfant, 69 Pa. Superior Ct. 49; Thatcher v. Pierce, 281 Pa. 17; Wallace v. Keystone, 239 Pa. 110; Wollaston v. Park, 47 Pa. Superior Ct. 90; Connor v. McCandless, 84 Pa. Superior Ct. 307.

OPINION BY MR. JUSTICE KEPHART, November 24, 1930:

Elizabeth Lang, a minor, was riding on the back seat of an automobile driven by her father in a funeral procession conducted by Freyvogel, an undertaker, one of the defendants. Other cars in front came to a stop and Lang, signaling to the cars in the rear, brought his automobile to a stop. It had scarcely been stopped 15 or 20 seconds when an automobile, furnished by Hanlon, another of the defendants, traveling in the rear in the same procession, crashed into it, injuring the child. This action was brought under the Joint Suit Act of 1923, P. L. 981, by appellants in their own right and for the minor against defendants, averring joint liability for the injury.

When Freyvogel was short of cars, they were supplied, for pay, by Hanlon, also an undertaker. The latter testified that Freyvogel had charge of the drivers, gave them instructions as to speed, distance from other cars and where to drive, and had as complete charge of the drivers as if they were his own chauffeurs. The driver stated that he was instructed to obey Freyvogel's orders, was put in line by him, and was instructed to keep back far enough to protect the car ahead. However, it appeared that Freyvogel could not discharge the driver of the car but could dispense with the use of it, that Hanlon furnished the car with gasoline, oil, and necessary accessories, and was paid by Freyvogel, and that the driver operated the car without supervision or control from Freyvogel.

At the conclusion of plaintiff's case, Freyvogel moved for a nonsuit because the evidence did not show the accident was caused by his servants. Hanlon also moved for a nonsuit because the evidence did not show the accident was caused by his servants. Both motions were granted.

The testimony shows that the car, owned by Hanlon and used by Freyvogel in the procession, was so carelessly operated that it ran into the car ahead. The mere fact that an automobile outside the funeral procession attempted to cut into the line would not relieve the driver of the funeral car from operating it in a careful and prudent manner as to others in the line or on the highway. The charge of negligence was founded on disregard of this duty. We said, in Zandras v. Moffett, 286 Pa. 477, that where two people are driving in the same direction on a city street, it was the duty of the operator of the car in the rear to so regulate the speed of his car as to prevent a rear-end collision. He must allow such distance from the car in front as to be able to stop when the car ahead stops. Of course, when cars are traveling in the open country at a fair rate of speed and the car ahead suddenly stops without warning, the latter may be guilty of negligent driving. However, drivers in funeral processions in a city should be alert for stop signals from cars ahead to avoid accidents.

If the evidence shows that the car, owned by Hanlon, was hired out as part of his business, the owner furnishing the oil, gasoline, accessories, and driver, who was under the owner's control during the period of the bailment, and that the bailee had no authority over the car or driver except to direct where its place in line was and where to drive, then the owner is liable for an injury caused to a third person by the negligence of the driver: Funston v. Ingenito, 282 Pa. 124, 126. If supervision, control and direction had been transferred to bailee who thereafter managed it during the period of the bailment, he becomes responsible as master: Robson v. Martin,

291 Pa. 426, 432. If it is not clear from the evidence which of the defendants was the controlling master, then, inasmuch as the business of both was benefited, the question is for the jury to find, if they can, who exercised supervision and control at the time of the accident. If unable to so find, then both defendants will be liable, for here was undoubtedly a tortious act, and the Act of 1923, P. L. 981, was enacted to meet just such a situation as this. Persons jointly causing an accident cannot escape liability by each blaming it on the other.

In order for the action to be joint in this case, either the court or jury must find that there was joint control; if it should not be so found, then the case must be treated as an individual action against the one who had supervision and control, and a verdict rendered accordingly.

The court below held that when a joint action is prosecuted and it develops that only one of the parties is liable, plaintiff must then amend his statement. This was true under the old law but not under the Act of 1923. The act provides that, where it is pleaded that two or more defendants are jointly liable, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but shall be submitted to the jury, if the facts are in dispute, to determine which, if any, of them are liable, and the court in banc will enter judgment against such of the defendants as they find liable, "with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so."

The necessary result of the act is to make an amended or new statement of claim unnecessary. If the one or ones found liable were responsible as "alleged to be so," then the "alleged to be so" has the effect of converting what was charged as a joint liability into one in severalty. If the jury decides that only one was liable, then, of necessity, he would be liable under a statement of claim which averred a joint liability, since the act makes it a several or individual action in such case. This is

the clear intent of Cleary v. Quaker City Cab Co., 285 Pa. 241, and Gable v. Yellow Cab Co., 300 Pa. 37, opinions by our retiring Chief Justice and by Justice SIMPSON respectively. In the latter case it is stated that recovery may be had against any one of the defendants though the effect was to determine a several rather than a joint liability.

The court below was in error in dismissing plaintiff's case for failure to file an amended statement of claim.

Judgment of the court below is reversed and a procedendo awarded.