Farmer *v.* Nevin Bus Lines, Inc., Appellant.

154

Argued September 29, 1932.

Before Trexler, P. J., Keller, Gawthrop, Baldrige, Stadtfeld and Parker, JJ.

*Frank A. Harrigan,* for appellant.

*Joseph G. Feldman,* for appellee.

Opinion by Trexler, P. J., November 23, 1932:

The plaintiffs, husband and wife, brought this suit to recover damages resulting from a collision between plaintiff's motor car and defendant's bus. The place where the accident occurred was the intersection of 12th and Race Streets, Philadelphia. Verdicts were rendered in favor of the plaintiffs; defendant appealed.

The only assignment of error is that the court over-ruled defendant's motion for judgment n. o. v.

Our first inquiry is, taking the evidence most favorable to the plaintiff, was there sufficient to support the verdicts? The injured plaintiff testified that she was coming eastwardly on Race Street, approaching 12th Street. She observed a trolley car, standing on the north side of the intersection of 12th and Race Streets, discharging or receiving passengers. Before she reached the house-line of 12th Street, the trolley car started southwardly on 12th Street. She extended her hand out of her car, applied the foot brake, then the emergency brake and came to a stop. Defendant's bus was proceeding in the same direction as her car, and struck it in the rear damaging the rear tire brackets and pushing the car five feet with the emergency brake on. Plaintiff was pushed against the steering wheel by the impact and was, as she testified, severely injured. As these facts appeared in the case although contradicted in many features by the defendant's witnesses, the court could not, under the circumstances, enter judgment in favor of the defendant.

We are not concerned about the fact that there is no proof of excess speed on the part of the bus driver. The bus ran into the rear of plaintiff's car. He could and should have avoided this accident. Where two motor vehicles are driving in the same direction on a city street, it is the duty of the operator of the car in the rear so to regulate the speed of the car as to prevent a rear end collision. He must keep such distance from the car in front as to be able to stop when the car ahead stops: Lang v. Hanlon, 302 Pa. 173; Zandras v. Moffett, 286 Pa. 477. The verdict of the jury so far as it is based upon the negligence of the defendant was proper.

The defendant seeks to overcome the effect of the application of the above rule on the plea that the

plaintiff who drove the car was guilty of contributory negligence, in that she failed to comply with section 1012 of the act of May 1, 1929, P. L. 905, which in substance provides that a driver intending to start, stop or turn must whenever the operation of any other vehicle following him may be affected by such movement, extend the hand and arm horizontally from and beyond the left side of the vehicle. Counsel argues that this is a mandate requiring that the signal be given before stopping, and that the plaintiff's testimony discloses that the giving of the signal and the stopping of the car were without any interval of time. A reading of her testimony does not bear out the conclusion that this assumption is true. Mrs. Farmer was examined at some length on this very point. We quote a portion from her testimony. "I placed my left hand out and stopped." And later "I put my hand out to stop and pulled up on my emergency brake." "Q. After you put your hand out you came to a stop, you put on your foot brake. A. Yes, sir. Q. When did you stop the car, right away? A. As I was stopping I put my hand out. Q. It was simultaneous, the stopping of the car and the putting of your hand out. A. I put my hand out before I stopped." The words "stopping" and "stop" do not necessarily mean an instant cessation of movement, and we do not so construe plaintiff's testimony. They are not generally used in that narrow sense. We hear of a "slow" stop, and of a "sudden" stop. When approaching a street crossing with the car presumably under control, necessarily the interval between the time of giving the signal and the total stopping of the car is short. When one is approaching at a high speed the interval necessarily is longer. The testimony, above quoted, is entirely consistent with the view that the plaintiff did what the ordinarily prudent person would have done under similar circumstances.

We are all of the opinion that although there was a

wide divergence in the testimony, and the jury might have found in favor of the defendant there was sufficient, competent testimony in the case to support the verdicts, and the court would have erred in entering judgment for the defendant.

Both judgments are affirmed.