Lelar v. Quaker City Cabs and David Chernikow.

16

Submitted October 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Harry E. Kalodner,* for appellant.

*Robert H. Arronson,* and with him *Joseph Margolis,* for appellee.

Opinion by Parker, J., January 25, 1933:

This action was brought to recover damages for injuries suffered by the plaintiff by reason of a collision between two taxicabs operated by the respective defendants. The case having been tried in the municipal court of Philadelphia before a judge without a jury,

a judgment was entered in favor of the plaintiff against the defendant David Chernikow and in favor of the defendant Quaker City Cabs, Inc. Motions were made by the defendant Chernikow for a new trial and for judgment n. o. v. These motions having been refused, an appeal was taken to this court, and the errors assigned were the refusals of the two motions.

We must give the same weight to the findings of facts by the trial court as to the verdict of the jury: McDonald Const. Co. v. Gill, 285 Pa. 305. "Unless requests for findings of fact are presented to the trial judge, the disposition of questions of fact arising from the testimony would have the same effect and should be treated in the same manner as though the evidence had been submitted to a jury at common law. This court will not disturb the conclusions of the judge when based on proper evidence or inferences fairly deducible from such evidence": Herring v. Weinroth, 61 Pa. Superior Ct. 529, 531. An examination of the evidence shows that the conclusions reached by the lower court are amply sustained by competent evidence.

The prime reasons given by counsel in support of this appeal are that the judgment was contrary to the evidence and the law. In reviewing the refusal of the motion for judgment n. o. v., the evidence and inferences therefrom favorable to the plaintiff must be taken as true and all unfavorable to him as depending solely on testimony must be rejected: Dunbar v. Preston, 285 Pa. 502, 504.

So viewing the evidence, we will refer to the facts which support the verdict. On a clear day, the Quaker City cab was proceeding in a westerly direction on the south side of Walnut Street, a one-way street, at a rate of 12 or 15 miles per hour. A passenger, who was riding in a car in advance of this taxicab, lost his hat and it fell into the street. The driver of the Quaker City cab, to avoid running over the hat, put out his hand, signalled for a stop, and brought his car to a

stop at the left curb, when a taxicab of the defendant Chernikow, in which the plaintiff was riding and which was proceeding in the same direction, collided with the rear of the Quaker City cab. The plaintiff was thrown from his seat and through a glass window, causing severe cuts, a scar, and other injuries. Just prior to the collision, the cab of Chernikow was moving at the rate of 25 miles per hour and was traveling within ten feet of the Quaker City cab. It was a clear day, the pavement was dry, and there was not any other traffic in the vicinity or anything to interfere with the vision of the driver of the cab in the rear. The driver of the Chernikow cab was unable to bring his car to a stop and did not turn to the right in time to avoid the collision. This situation, under our cases, furnished ample basis for the judgment entered.

"No person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead": Act May 1, 1929, P. L. 905, Art. X, Par. 1002, 73 Purdon Ann. 178. Where two individuals are driving automobiles in the same direction on a city street, it is the duty of the operator of the car in the rear to so regulate the speed of his car as to prevent a rear end collision: Zandras v. Moffett, 286 Pa. 477; Lang v. Hanlon, 302 Pa. 173, 177; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Cormican v. Menke, 306 Pa. 156, 159; Milliken v. United Laundries, 105 Pa. Superior Ct. 286.

A considerable portion of the argument of the appellant is devoted to the contention that judgment should have been entered against the Quaker City Cabs, Inc. The answer to this contention is that the court below, on the evidence, found that it was not negligent. Even though both defendants had been negligent, such fact would not relieve the appellant.

The judgment of the lower court is affirmed.