Cirquitella et ux. *v.* C. C. Callaghan, Inc.,
Appellant.

Argued May 19, 1938. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James E. Riely,* with him *C. Laurence Cushmore, Jr.*
and *Algernon R. Clapp,* of *White & Clapp,* for appellant.

*William C. Schwebel,* for appellee.

Opinion by Mr. Justice Barnes, June 30, 1938:

This is a suit by husband and wife to recover damages for personal injuries sustained by the wife. In the forenoon of March 1, 1934, the wife-plaintiff was a passenger in the last car of a funeral procession, which was moving along Dickinson Street, in the city of Philadelphia. She was sitting on the rear seat of the automobile, with her sister and an elderly woman. The day was cold, and snow and ice were upon the street.

When the funeral cars had crossed Twenty-fifth Street, the automobile in which plaintiff was riding came to a standstill. Defendant's truck had been following the last funeral car along Dickinson Street for a distance of eight city blocks. It was about twenty feet in the rear of the funeral car, traveling at a speed of eight to ten miles an hour. The truck driver testified that when his attention was attracted by the stop light on the rear automobile, he instantly applied his brakes, but due to the weight of the truck, the slippery condition of the street, and to the backwash of a load of two hundred and fifty gallons of oil, the brakes and chains on the tires failed to hold, and notwithstanding his best efforts to avoid a collision by steering to the right, the bumper on the front of the truck struck the rear of the automobile in which the wife-plaintiff was riding. He said that the force of the impact was not such as would injure anyone in the funeral car, as his bumper merely touched it; and that an examination of the car made immediately after the collision, did not disclose any damage, or marks upon it as a result of the accident.

The defendant's motion for binding instructions was refused, and the case was submitted to the jury upon a charge to which no exception was taken by either party. After retiring to deliberate upon the case, the jury returned to the court room to ask the trial judge if they could award damages to the plaintiffs without a finding

that the defendant was guilty of negligence. The jury was properly instructed upon this point, and retired again for consultation. They then rendered a verdict for defendant.

The court below awarded a new trial to the plaintiffs upon the ground that the verdict was against the weight of the evidence. It reached the conclusion that "from defendant's own testimony, given by its driver, it appeared that the defendant, striking plaintiffs' car in the rear, when the plaintiffs' car had been going very slowly for a long time before it stopped, was clearly negligent." The defendant appeals from the order granting a new trial.

Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear-end collision in the event the front vehicle suddenly stops: *Zandras v. Moffett*, 286 Pa. 477; *Lang v. Hanlon*, 302 Pa. 173; *Farmer v. Nevin Bus Lines, Inc.*, 107 Pa. Superior Ct. 153; *Lelar v. Quaker City Cabs*, 108 Pa. Superior Ct. 15.

Of course it does not follow that the mere happening of a rear-end collision constitutes negligence as a matter of law on the part of the operator of the rear automobile. The occurrence of such a collision does not raise a presumption that the driver of either vehicle was negligent. It is a question of fact for the jury to be determined from all the evidence of the case. The plaintiff must prove that the collision resulted from the negligence of defendant.

Nor does the fact that defendant's truck skidded some eight or ten feet necessarily establish negligence: *Ferrell v. Solski*, 278 Pa. 565; *Simpson v. Jones*, 284 Pa. 596. In *Johnson v. American Reduction Co.*, 305 Pa. 537, it is said (p. 541): "The skidding of a vehicle does not of itself establish or constitute negligence. It is encumbent upon the plaintiff to prove the skidding re-

sulted from the negligent act of the defendant; otherwise he is absolved from the consequences." In the present case there must be more than the skidding of the truck to put upon defendant the burden of accounting for the accident.

In view of the testimony that defendant's truck trailed the funeral procession for eight city blooks, and there being evidence that snow and ice were upon the streets, it seems to us that the important question is whether, under the circumstances, the driver so regulated the speed of, and kept the truck at such distance from the rear funeral car that he could bring it to a stop upon the slightest indication that the forward cars were coming to a halt. It was his duty so to be vigilant, and whether he exercised the proper degree of care called for under the conditions present was for the jury.

The established rule has been that the awarding of a new trial lies largely in the discretion of the trial court, and we have held repeatedly that such order will not be reversed unless there is clear error of law, or palpable abuse of discretion: *Frank v. Bayuk,* 322 Pa. 282; *Reiser v. Smith,* 328 Pa. 292; *Edwards v. Crawford,* 328 Pa. 449. We see no abuse of discretion here that calls for a departure from our settled rule, and for that reason the order of the court below granting a new trial must be affirmed.

Order affirmed.