## Labman *v.* Haggerty, Appellant.

Argued September 29, 1942.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES,
HIRT and KENWORTHEY, JJ.

*W. Horace Hepburn, Jr.,* with him *Benjamin F.
Zubrack,* for appellant.

*Paul H. Ferguson,* for appellee.

OPINION BY RHODES, J., November 11; 1942:

This trespass action arose as the result of a collision
between two automobiles.

The case was tried before a judge of the municipal
court without a jury. His finding was in favor of
plaintiff, and from the judgment entered thereon de-
fendant has appealed.

The finding in plaintiff's favor must be given the same
force and effect as the verdict of a jury, and conse-

quently the judgment must be affirmed if there is evidence to support the finding.

The only question presented is whether appellant was guilty of negligence. Under the evidence this was a factual issue to be determined by the trial judge as the trier of the facts. It was established that appellant, shortly before 8 A.M. on November 30, 1938, was driving his automobile in a southeasterly direction on the Parkway between 26th and 27th streets in the city of Philadelphia. The weather at the time was clear, but the surface of the roadway was coated with ice. As the result of a previous snowstorm there was but one line of traffic moving in a southeasterly direction on the Parkway. An automobile which preceded plaintiff in the line of traffic made a sudden stop, skidded, and came to rest with the front pointing in a northeasterly direction. Plaintiff applied his brakes and the rear wheels of his automobile skidded about one car length, and when it finally stopped it was parallel with the one ahead. Plaintiff's automobile did not at that time come in contact with the preceding car.

Plaintiff testified that five or ten seconds after his car came to rest it was struck by appellant's car which had been following in the single line of traffic; that in the interval between the time plaintiff's car came to rest and the time it was struck by appellant's car plaintiff looked first to his right at the car which had first skidded and then to his left when he saw appellant's car then about fifteen feet away coming toward him without skidding or changing its course (8a); that appellant's car struck the left side of plaintiff's car driving it into the car ahead.

Appellant's version of the accident differed from that of the plaintiff, but the latter was accepted and the former rejected by the trial judge. The court below in its opinion said: "The circumstances that particular morning and place were such as to require utmost care

in the operation of motor vehicles. All the witnesses admitted the streets were icy and travelling was difficult. The plaintiff himself had his car under such control that notwithstanding that he skidded he brought it to a halt without any damage to the car ahead of him. The defendant did not have his car under that control which was required of him at that particular time."

The rule applicable to the facts in the present case is stated in *Cirquitella et ux. v. C. C. Callaghan, Inc.*, 331 Pa. 465, at page 467, 200 A. 588, at page 589: "Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear end collision in the event the front vehicle suddenly stops: *Zandras v. Moffett*, 286 Pa. 477 [133 A. 817]; *Lang v. Hanlon*, 302 Pa. 173 [153 A. 143]; *Farmer v. Nevin Bus Lines, Inc.*, 107 Pa. Superior Ct. 153 [163 A. 41]; *Lelar v. Quaker City Cabs*, 108 Pa. Superior Ct. 15 [164 A. 105]."

Appellant had traveled a considerable distance that morning before the accident, and was fully aware of the highway conditions; and it appears that plaintiff's automobile had been stopped about five seconds before appellant's automobile, without skidding or changing its course, ran into plaintiff's.

Whether appellant exercised the proper degree of care called for under the conditions described by the evidence was for the trial judge, the trier of the facts.

Assignments of error are overruled.

Judgment is affirmed.