## Moore v. Robb

*Wollman, Tracey, Schlesinger & Salus,* for plaintiff.
*Max E. Cohen,* for defendant.

SPORKIN, J., October 16, 1959.—This is an action in trespass for personal injuries growing out of an automobile collision occurring on January 9, 1956, at Lincoln Drive and Mount Pleasant Avenue in the City of Philadelphia. The matter is before us on plaintiff's motion for a new trial after a jury verdict for defendant.

Plaintiff testified that immediately preceding the collision he was driving south on Lincoln Drive, that driving conditions were "treacherous" and the roadway of Lincoln Drive was "icy,"[1] that as he reached the intersection of Mount Pleasant Avenue, he stopped his car in obedience to a traffic light, and that in so doing he skidded "a foot or so", that while he was waiting for the traffic light to change, his car was struck from the rear by defendant's automobile, causing his vehicle to be "moved slightly forward . . . about five feet".

Plaintiff produced medical testimony in an effort to show that the impact of the collision aggravated a previous back injury which he sustained in 1939.

Defendant testified[2] that she was proceeding southwardly on Lincoln Drive adjacent to the traffic lane

---

[1] Plaintiff testified:

"A. . . . The driving was treacherous. The roads were navigable with caution. Other cars were moving. I got down to Lincoln Drive and the road was icy, although the ice was starting to deteriorate from Allens Lane down to Lincoln Drive. (Sic, Mount Pleasant Avenue?) It was a straightaway. The icy conditions were observable.

"Q. How far is Allens Lane from Mt. Pleasant Avenue?

"A. There are two or three squares in there. . . ."

[2] This testimony was in effect corroborated by defendant's brother, a passenger in the car she was operating.

nearest the west curb referred to herein as the curb lane, that the roadway was "very icy" and that she was driving at a rate of about "ten or twelve" miles per hour when she approached a car which had stopped in her lane of traffic, that the driver of this latter car motioned her to pass, which she proceeded to do by entering the lane immediately to the left of the curb lane, that when she passed this standing car and attempted to reënter the curb lane, having noticed that the traffic signal had turned red, she applied slight pressure to the brake pedal and the automobile started to skid.[3] Defendant testified further that the estimated distance of the skidding was "thirty-five to fifty feet", that at the time of the impact the approximate speed of her vehicle was not more than five miles per hour, that the visible damage to plaintiff's car was "a broken tail-light and a small dent in the right rear fender, . . . the length of a finger", and that plaintiff's car did not move "very far" after the impact.

After the charge by the court, to which no exception was taken, the jury returned a verdict for defendant.

---

3 Defendant testified:

"Q. Incidentally, Miss Robb, what caused you to go into this skid? The fact that you were going back into this lane or what? What precipitated the skid?

"A. I skidded on the ice.

"Q. Had you applied your brakes?

"A. I was just starting slightly to put my foot on the brake.

"Q. Why?

"A. Because you don't put your foot on the brake hard on ice.

"Q. Why did you put your foot on the brake at all?

"A. To slow down.

"Q. For what purpose?

"A. Because I saw the red light and I started to slow then.

"Q. Was that the first time you saw the traffic light, when you put your brake on?

"A. Yes.

"Q. Is that correct?

"A. Yes."

Viewing the verdict as not improper, the motion for a new trial is denied. See Jones v. Williams, 358 Pa. 559, 564 (1948).

We cannot agree with plaintiff's contention that the finding of the jury was against the evidence or the weight of the evidence. The record does not reveal that defendant was inattentive at the wheel, or that her car was proceeding at an unreasonable rate of speed under the prevailing circumstances. Moreover, the testimony shows that her car was suitably equipped with snow tires for driving under the existing road conditions. With these factors before it, the jury was warranted in finding for defendant.

Nor can we find merit in plaintiff's contentions that the verdict was against the law or "against" the charge of the trial judge, in the light of the record before us.

The law is well settled that the question of negligence in cases of this type is for the jury. Certainly when two vehicles are being driven in the same direction on a city street, it is the duty of the driver of the one in the rear to be vigilant and ordinarily to have his car under such control as to be able to prevent a rear-end collision: Cirquitella v. C. C. Callaghan, Inc., 331 Pa. 465, 467 (1938) ; Lang v. Hanlon, 302 Pa. 173 (1930). However, the mere occurrence of a rear-end collision does not constitute negligence, as a matter of law, on the part of the driver of the rear vehicle. There is no presumption of negligence arising from such a collision, but rather a question of fact is created to be determined by the jury from all the evidence. Cf. Cirquitella v. C. C. Callaghan, Inc., supra.

The fact that defendant's car skidded does not in itself show negligence. In Johnson v. American Reduction Co., 305 Pa. 537, 541 (1932), Mr. Justice Drew, speaking for the court, stated: "The skidding of a vehicle does not of itself establish or constitute

negligence. It is incumbent upon the plaintiff to prove the skidding resulted from the negligent act of the defendant; otherwise he [the defendant] is absolved from the consequences." See Richardson v. Patterson, 368 Pa. 495, 498 (1951).

The uncontroverted testimony was that the speed of defendant's car immediately prior to the skid did not exceed 12 miles per hour. We cannot say that as a matter of law this was unreasonable under the conditions. This determination is for the jury. As was stated in Eisenhower v. Hall's Motor Transit Company, 351 Pa. 200, 205 (1951) : ". . . what may be a permissible rate of speed at one time and place and under given circumstances may be wholly improper on other occasions and under different circumstances, and in cases where, as here, unusual conditions existed, it has been uniformly held that the question as to whether the speed was excessive was for the jury." In Simmons v. Jesse C. Stewart Company, 346 Pa. 54, 57 (1943), involving a rear-end collision occurring under conditions substantially identical with those in the present case, the court held that the negligence of the driver of the alleged offending vehicle was a matter for the determination of the jury.

We have examined the record and the pertinent authorities and we find no reason for granting a new trial. The jury is the final arbiter of the facts. In view of defendant's uncontradicted testimony as to the speed of her car and the manner in which she operated it, we cannot say as a matter of law that it was error for the jury to conclude either that defendant was free from negligence, or that the injuries alleged by plaintiff were not caused by defendant's negligence. See Kirby v. Carlisle, 178 Pa. Superior Ct. 389, 392 (1955).

For the aforementioned reasons the motion for a new trial is denied.