**Olga A. NATOLI, Plaintiff**

v.

**George J. DEAL, Defendant and Third-Party Plaintiff**

v.

**William A. MOORE, Third-Party Defendant.**

**Civ. A. No. 24142.**

United States District Court
E. D. Pennsylvania.

Sept. 13, 1961.

Michael C. Rainone, Josephine H. Klein, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendant and third-party plaintiff.

Francis E. Marshall, Philadelphia, Pa., for third-party defendant.

KRAFT, District Judge.

Plaintiff, a guest passenger in an automobile, brought this action to recover damages for personal injuries sustained when the automobile collided with the rear end of defendant's truck proceeding in the same direction on a public highway.

Defendant joined Moore, owner and operator of the automobile, as third-party defendant. Plaintiff asserted no claim against the third-party defendant.

The jury, in answer to written interrogatories, found that defendant was negligent, but that such negligence was not a proximate cause of plaintiff's injury; and that third-party defendant was negligent, and such negligence was a proximate cause of plaintiff's injury.

The case is now before us on plaintiff's motions for judgment or for a new trial, following entry of judgment in accordance with the jury's findings.

A brief summary of the evidence will be sufficient for present purposes. The accident happened about 2:30 A.M., on September 22, 1957, on the two-lane, eastbound drive of the Schuylkill Expressway, some 1,250 feet west of City Line Avenue, Philadelphia. The shock of the impact deprived plaintiff of all memory of the occurrence, and of the events immediately preceding and following it. Her only eyewitness to the happening was one McClain, who testified that he was operating his motorcycle eastwardly in the left lane of the eastbound drive of the Expressway, following defendant's truck. Moore's automobile was in the right lane and between McClain and the truck. McClain stated that the truck moved over to the right lane and then onto the right shoulder of the road, where "it threw up stones and dust and went on to the right-hand lane again and about that time this car struck the back of it." On cross-examination, McClain stated:

"I got the impression at the time that the truck was going to pull over to the shoulder of the road and I was going to pull ahead of the truck and the car when this truck shot out from the shoulder of the road again on to the right-hand lane and this car struck the back of it."

McClain further testified that there were no lights on the rear of the truck just prior to the collision. Other evidence would also support a finding of a violation by the defendant of Interstate Commerce Commission Regulations prescribing maximum driving hours for truck operators.

Defendant's version of the accident was in direct contradiction to McClain's account in every material particular. Lucas, the operator, testified that all of

the truck lights were in operation, as required by law. He flatly denied McClain's testimony respecting the truck's course preceding the collision. He said that the truck was squarely in the right lane when Moore's automobile struck it in the rear, and that the truck was at no time in the left lane or on the shoulder of the road.

Moore did not testify. His counsel expressly waived his opening statement and his right to present testimony, and rested his case.

Plaintiff contends that, since the jury found negligence on the part of the defendant, the Court should rule as a matter of law that such negligence was a proximate cause of plaintiff's injury. The argument necessarily presupposes that the jury must have accepted McClain's testimony with respect to the truck's rear lights or its movements just before the collision. Such an assumption is entirely unjustified. The jury could as reasonably have found, as it did, negligence which was not a proximate cause of the accident. It could have found, for example, a negligent violation of the Interstate Commerce Commission Regulations in no way related to the happening. The jury's findings are reasonably explicable on several grounds.

It is indisputable, we think, that the questions of negligence and proximate cause were for the jury, and that plaintiff's motion for judgment must be denied.

Our views on the questions therein presented make it necessary to consider only one of the grounds urged for a new trial. We think that counsel for the third-party defendant, wholly inadvertently and with no ulterior motive, exceeded somewhat the bounds of legitimate advocacy in some of his remarks to the jury. Plaintiff's counsel, with a show of vigor that was conspicuously absent at the trial, now strenuously urges this conduct of Moore's counsel as a ground for a new trial. We are constrained to observe that whether from over-confidence, indifference or ignorance, plaintiff's counsel offered no motion or objection at the trial. However, we think these statements may have had a seriously prejudicial effect on plaintiff's case and are not disposed to see the plaintiff suffer injustice through the inattention of her counsel in the circumstances here present. In the course of his summation, counsel for Moore said:

"Members of the jury, so that you won't be guessing why I haven't put my client on this stand, let there be no mistake about it and I will tell you. I don't have perhaps nearly the experience of either of these two lawyers but I have been around long enough to know when your client strikes the rear of a tractor-trailer with the force that Mr. Moore's car hit this tractor-trailer on a straight uphill climb, there is no way that Mr. Moore in truth can escape responsibility. There is no way in which I as his lawyer can conjure up any version of this accident, in truth, and I put that in quotes, and ask you to have my client escape responsibility.

"I know a little bit about the law, too, and I am not going to quote it to you but I think it is common sense to know that if you run into the rear of someone else's vehicle, you have got to be a mastermind to try and figure out how you did it without being at fault.

"Members of the jury, I am going to solve the mystery for you. I will tell you why I didn't put Bill Moore on the stand and that is because on his behalf I am telling you I couldn't possibly argue any theory of law, or evidence, or fact in truth which would take the liability, the responsibility away from him. I wouldn't have the guts to come here and submit such a fantastic story as would have to be told in order to clear him of that liability."

We think this argument contains an inaccurate statement of the law,—even in the case of an ordinary rear-end collision such as the jury could find if they accepted the truck driver's testimony.

In Cirquitella v. C. C. Callaghan, Inc., 1938, 331 Pa. 465, 467, 200 A. 588, 589, a leading case, the Supreme Court of Pennsylvania laid down the controlling rule in such situation:

"Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear end collision in the event the front vehicle suddenly stops. Zandras v. Moffett, 286 Pa. 477, 133 A. 817, 47 A.L.R. 699; Lang v. Hanlon, 302 Pa. 173, 153 A. 143; Farmer v. Nevin Bus Lines, Inc., 107 Pa.Super. 153, 163 A. 41; Lelar v. Quaker City Cabs, 108 Pa.Super. 15, 164 A. 105.

"Of course it does not follow that the mere happening of a rear end collision constitutes negligence as a matter of law on the part of the operator of the rear automobile. The occurrence of such a collision does not raise a presumption that the driver of either vehicle was negligent. It is a question of fact for the jury to be determined from all the evidence of the case. The plaintiff must prove that the collision resulted from the negligence of defendant."

If the collision occurred in the manner described in McClain's testimony, counsel's remarks were, a fortiori, erroneous. While the evidence certainly raised serious doubts concerning McClain's credibility, the weight to be given his testimony was for the jury.

We recognize, of course, that the jury must take the law given to them by the Court and not by counsel, and we so instructed the jury. Nevertheless, we are not persuaded that counsel's forceful and eloquent language was harmless in its effect on the jury.

At another place in his summation, Moore's counsel stated:

"If Mr. Moore could in any way truthful adopt any part of Mr. Mc-Clain's version of this accident, I wouldn't have held him back, and I am sure he wouldn't have been held back. I wouldn't put him on the stand to encourage him to tell anything but the truth."

The plain import of this language was that Moore could not truthfully adopt *any part* of McClain's version of the accident, and that McClain's testimony was altogether false. We think this exceeded the limits of fair comment, since Moore had not taken the stand and his "version" was not before the jury. Counsel, in substance and effect, was testifying, and his testimony was the purest hearsay. It may be noted that Moore had stated under oath in his deposition—which was not offered—that he had no recollection of the details of the accident. Counsel, apparently, was confronted with conflicting statements by Moore, and was faced with difficult problems in the defense of his client's interests.

Finally, Moore's counsel said to the jury:

"Members of the jury, I would almost, as far as this question of liability, be compelled to say, and it is awfully hard in these cases to stand up here and tell the jury that my man is at fault, but in good conscience and under the facts of this case, I have to tell you that."

Here, counsel assumed the truth of Moore's undisclosed version of the accident and the untruth of McClain's testimony, and on the basis of that assumption reached the conclusion that Moore was legally at fault merely because he was the driver of the rear vehicle,—a conclusion without support in authority.

Plaintiff sustained serious and permanent injury as the result of this accident, and she is entitled to a fair and just trial of her claim for compensation. We are persuaded that she may well have suffered undue prejudice, and that the interests of justice require the grant of a new trial.

## Order

Now, September 13th, 1961, it is ordered and decreed that:

·1. Plaintiff's motion for judgment is denied.

2. The judgments on the principal claim and on the third-party claim are set aside, and plaintiff's motion for a new trial is granted.