**Grier CUNNINGHAM, Jr.**

v.

**Darlene DAVIS and Sultan N. Porter**

**Civ. A. No. 87–3482.**

United States District Court, E.D. Pennsylvania.

May 27, 1988.

---

Salvatore J. Cucinotta, Philadelphia, Pa., for plaintiff.

Joseph R. Livesey, Philadelphia, Pa., for defendants.

## ADJUDICATION

VAN ANTWERPEN, District Judge.

From the non-jury trial on May 16, 1988, we make the following findings of fact.

### FINDINGS OF FACT

1. Plaintiff Grier Cunningham is a 25 year old Philadelphia resident who' has been employed by the Prudential Insurance Company since January, 1986. In high school, he was active in sports and after graduation actively played sports, including basketball, baseball and football.

2. Shortly before noon on April 29, 1987, plaintiff was operating a 1986 Buick Century automobile on Bellfield Avenue at the intersection with Windrim Avenue in Philadelphia, Pennsylvania. Plaintiff stopped for a red traffic signal and after he was stopped for about five seconds he was struck in the rear by a vehicle operated by defendant Sultan N. Porter. The vehicle operated by defendant Sultan N. Porter was owned by his aunt, defendant Darlene Davis.

3. At the time of the impact, defendant was only traveling 3 to 5 M.P.H. Never-theless, the plaintiff's vehicle was pushed forward and plaintiff's knee struck the dashboard. Plaintiff felt pain in his knee and could hardly walk. Defendant's vehicle sustained a broken headlight.

4. The next day plaintiff had difficulty in moving his neck, and went to an emergency room where he was given pills for his pain and heat treatments on his leg. Since the accident, he has seen a Dr. Singer approximately one hundred times. He was given "needles" in the neck and back to stop the pain and therapy with heat. The relief these provided was only temporary.

5. Plaintiff was hospitalized and put in traction at Parkview Metropolitan Hospital for five days in early June, 1987.

6. Since the accident, plaintiff cannot take part in sports, continues to have pain, and continues to take pain treatments. He was unable to secure employment as a prison guard but continues to work at Prudential.

7. $2,533.25 in plaintiff's medical expenses was not covered by insurance.

### DISCUSSION

We find that the plaintiff has met his burden of proof in showing that the accident on April 29, 1987 was caused only by defendant Sultan N. Porter and that this negligence did injure him. We find that he is entitled to an award for his unpaid medical expenses, pain, suffering, and loss of life's pleasures. The question remains as to the degree of plaintiff's injury. The accident took place at a low speed and the damage to the vehicles was slight; additionally, plaintiff is still able to work. On the other hand, plaintiff obviously is experiencing some degree of pain and the medical reports of his witnesses confirm this. We do not believe that anyone would willingly undergo one hundred treatments, which included injections, merely to recover damages in an otherwise unfounded case. Although we found plaintiff in basically good health, defendant's doctor states that "The exact effect of the trauma of April 30, 1987 [sic] on his pre-existing degenerative condition cannot be determined by me." Accord-

ingly, we find plaintiff to be moderately injured by the accident and do not find defendants to have proven plaintiff's problems were caused by a pre-existing condition.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this case pursuant to 28 U.S.C.A. § 1332(a) (West Supp.1988).

2. When a federal court sits in a diversity case, it must apply the conflict of laws doctrine of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The conflict of laws doctrine in Pennsylvania is that, where "an automobile accident occurs in Pennsylvania, Pennsylvania law governs the action despite the out-of-state residency of one of the parties. See *Coleman v. Pitzer,* 160 F.Supp. 862 (W.D.Pa.1958)." *Soucie v. Hackenburg,* 53 F.R.D. 526, 528 n. 2 (M.D.Pa.1971).

3. Defendant Darlene Davis was without negligence, either actual or imputed. Mere ownership of a motor vehicle does not impose liability upon the owner for its negligent operation. In order to impose liability, one must prove that the vehicle was being operated for the owner and that the operator was acting as the agent or servant of the owner. *Double v. Myers,* 305 Pa. 266, 157 A. 610 (1932). No such proof was introduced in the instant case.

4. "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway condi-

tions." 75 PA.CONS.STAT.ANN. § 3361 (Purdon 1977).

5. Defendant Sultan N. Porter was negligent in failing to observe 75 PA.CONS. STAT.ANN. § 3361 and this negligence was a substantial factor in injuring the plaintiff.

6. A driver must use reasonable care and regulate his vehicle so as to prevent a rear-end collision with the vehicle moving in front of him. *Zandras v. Moffett,* 286 Pa. 477, 482, 133 A. 817 (1926).

7. "Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear-end collision in the event the front vehicle suddenly stops. *Zandras v. Moffett,* 286 Pa. 477; *Lang v. Hanlon,* 302 Pa. 173 [153 A. 143 (1930)]; *Farmer v. Nevin Bus Lines, Inc.,* 107 Pa.Superior Ct. 153 [763 A. 41 (1932)]; *Lelar v. Quaker City Cabs,* 108 Pa.Superior Ct. 15 [164 A. 105 (1933)]." *Cirquitella v. C.C. Callaghan, Inc.,* 331 Pa. 465, 467, 200 A. 588 (1938).

8. The plaintiff was without any negligence whatsoever. A motorist is not required to anticipate and guard against the want of ordinary care on the part of another motorist. *Ksiazek v. Pelle,* 174 Pa.Super. 304, 101 A.2d 428 (1953).

9. Under Pennsylvania law, a plaintiff is "entitled to be compensated for all past medical expenses reasonably and necessarily incurred and all future medical expenses reasonably likely to be incurred for the treatment and care of his injuries; past lost earnings and lost future earning capacity; and past, present and future pain and suffering. *Owens v. Peoples Passenger Railway,* 155 Pa. 334, 342, 26 A. 748 (1893); see *McClinton v. White,* 285 Pa.Super. 271, 277, 427 A.2d 218 (1981) (survival action); *Frankel v. United States,* 321 F.Supp. 1331, 1336–39 (E.D.Pa.1970); *aff'd sub nom., Frankel v. Heym,* 466 F.2d 1226 (3d Cir.1972). See generally *Pennsylvania Suggested Standard Jury Instruction: Civil,* §§ 6.01A–I (PBI 1981). A plaintiff in Pennsylvania must only prove these elements of damage with reasonable certain-

ty. *Barnes v. United States, supra,* 685 F.2d [66] at 69 [3rd Cir.1982]." *McDonald v. United States,* 555 F.Supp. 935, 962 (M.D.Pa.1983). The plaintiff in the instant case has offered evidence of $2,533.25 in medical expenses which were not covered by insurance. No evidence of lost earnings or lost future earning capacity was introduced at trial.

10. When a tortfeasor's negligence causes the plaintiff a loss of life's pleasures, the plaintiff may recover for that loss. *Lebesco v. Southeastern Pennsylvania Transportation Authority,* 251 Pa.Super. 415, 380 A.2d 848 (1977).

11. An award should be made for pain in personal injury cases. *Thompson v. Iannuzzi,* 403 Pa. 329, 169 A.2d 777 (1961).

12. The plaintiff is entitled to reasonable monetary damages for his injuries.

### VERDICT AND JUDGMENT

AND NOW, this 27th day of May, 1988, the court enters a verdict and judgment in favor of plaintiff and against defendant Sultan N. Porter only in the amount of $30,000.00. The case against Darlene Davis is DISMISSED.