Johannes *v.* Shumway, Appellant.

Argued October 7, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*J. Campbell Brandon,* of *Brandon & Brandon,* for appellant.

*Willis A. MacDonald,* with him *J. W. King* and *Charles E. Harrington,* for appellee.

PER CURIAM, November 24, 1941:

Accepting as correct—as on this appeal we must— the version of the accident given by plaintiff and her witnesses, it appears that she was driving her automobile close to the extreme right of a 16-foot-wide cement highway with a three-foot berm. It had been raining and the roadway was "moist". While descending the slope of a steep hill at about twenty-five miles per hour and passing through a deep cut flanked by twelve to fifteen-foot embankments, she saw, coming up the hill, a truck followed by a long line of automobiles, one of which, im-

mediately behind the truck, nosed out as though to pass it. Not knowing whether or not this vehicle would continue out toward her side of the road, plaintiff turned slightly further to the right, carrying the right rear wheel of her car just onto the berm. At that moment she was struck by defendant's car which had been closely following her for some distance. The impact was so severe that her car was overturned and she sustained injuries for which she brought the present action and recovered a verdict. Defendant complains of the refusal of the court below to grant judgment n. o. v.

The case could not have been taken from the jury. Section 1010 of The Vehicle Code of 1929, P. L. 905, provides: "The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway." It was for the jury to determine from the evidence whether defendant had been following plaintiff's car "more closely than" was "reasonable and prudent" under all the circumstances; since apparently they so found, the violation of the statute warranted the verdict against him.

As to the failure of plaintiff to give a. warning of her intention to turn to the extreme right of the road— claimed by defendant to constitute contributory negligence on her part—section 1012 of The Vehicle Code of 1929 provides: "The driver of any vehicle upon a highway, before . . . turning from a direct line, shall first see that such movement can be made in safety, . . . and whenever the operation of any other vehicle following may be affected by such movement, shall give a signal . . . of the intention to make such movement." Here, too, the question was for the jury, as to whether plaintiff was confronted by a sudden emergency which prevented and excused her from giving such a signal, and, in any event, whether the slight movement of her car to the right "affected the operation" of defendant's vehicle

and thereby became a causative factor in the happening of the accident.

Defendant also seeks a new trial, but if, as alleged by him, there were errors made in the trial of the cause, they were so trivial as not to warrant comment.

Judgment affirmed.