Simmons et al. *v.* Jesse C. Stewart Company,
Appellant.

Argued October 6, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*James J. Burns, Jr.,* for appellant.

*A. Morris Ginsburg,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 23, 1942:

This action in trespass, brought by Elizabeth Simmons, in her own right and as guardian of her minor son (now of full age), Walter Simmons, arises out of a rear-end collision between an automobile driven by the son and a truck of Jesse C. Stewart Company, the appellant. The son, whose injuries were serious, obtained a verdict of $15,000, remitted to $10,000, and a verdict was returned for the mother in the sum of $1,126.63. Motions for judgments n. o. v. and for a new trial filed by appellant were overruled by the court en banc, judgments were entered in favor of the mother and son, and these appeals followed.

On December 14, 1939, at about 7:45 a. m., Simmons, the minor appellee, was operating an automobile belonging to his mother across Twenty-second Street Bridge, in the City of Pittsburgh. At the time the highways throughout the Pittsburgh area, including the roadway of the bridge, were covered with a thin sheet of ice, with the result that motor traffic in downtown Pittsburgh was moving at about half its usual pace. Entering from Forbes Street, Simmons proceeded across Twenty-second Street Bridge in the line of cars going in his direction, traveling at a speed of 10 to 15 miles per hour and about three car-lengths behind the car directly ahead. Looking into his rear-vision mirror, when about a quarter of the way over the bridge, he observed appellant's truck approaching from behind at an estimated speed of 25 miles per hour, 10 to 15 miles per hour faster than that of the line of traffic. When Simmons arrived at a point about midway on the bridge, the line of traffic came to a halt. He gave a hand signal to the driver of the truck and brought his car to a "slow stop" in line, ten feet behind the automobile ahead. Appellant's truck, coming from behind, crashed into the rear of the stopped Simmons car, pushing it the distance of ten feet into the back of the next car in line. Simmons was thrown forward

against the steering wheel of his car by the force of the impact, receiving back injuries of a serious nature. Appellant's truck was not equipped with chains, and was fully loaded, weighing between seven and eight tons. According to the evidence given by the witnesses for appellant, its truck driver and helper, there was no ice at any point except on the surface of the bridge; the speed of the truck was not over 15 miles per hour; the driver did not become aware of the icy condition of the roadway until the truck went into a skid as he applied the brakes, about 20 feet to the rear of the halted Simmons car; and the collision was then unavoidable. The driver admitted, however, that the entire surface of the bridge "looked shiny" and that he noticed "traffic was very slow and it was closely packed together."

On the basis of appellant's own evidence the question of its driver's negligence could not have been taken from the jury. In *Cirquitella v. Callaghan, Inc.,* 331 Pa. 465, defendant's oil truck collided with the rear of the last car of a halted funeral procession it had been following, about 20 feet behind the last car, at a speed of 8 to 10 miles per hour. The driver of the truck testified that when the stop light of the car flashed on he instantly applied his brakes, but due to the weight of the truck and the slippery condition of the street the brakes and chains on the tires failed to hold, and that the collision was unavoidable despite his best efforts. After a verdict for the defendant, in an action for injuries to a passenger in the funeral car, the court granted a new trial, on the ground that the verdict was against the weight of the evidence, since "from defendant's own testimony, given by its driver, it appeared that the defendant, striking plaintiff's car in the rear, when the plaintiff's car had been going slowly for a long time before it stopped, was clearly negligent." On appeal this Court affirmed, stating (p. 468) : "In view of the testimony that defendant's truck trailed the funeral procession for eight city blocks, and there being evidence that snow and ice were upon

the streets, it seems to us that the important question is whether, under the circumstances, the driver so regulated the speed of, and kept the truck at such distance from the rear funeral car that he could bring it to a stop upon the slightest indication that the forward cars were coming to a halt. It was his duty so to be vigilant, and whether he exercised the proper degree of care called for under the circumstances present was for the jury." See also *Mulheirn v. Brown,* 322 Pa. 171; *Johannes v. Shumway,* 343 Pa. 326; *Fetterolf v. Yellow Cab Co.,* 139 Pa. Superior Ct. 463. All of these cases involved a rear-end collision occurring under circumstances substantially identical with those in the present case; in each it was held that the negligence of the driver of the alleged offending vehicle was a matter for determination by the jury; and we all agree that no other or different conclusion could, with propriety, be arrived at here.

As to Mrs. Simmons, the mother, it is urged there can be no recovery for the additional reason that prior to the trial of the present case she recovered a judgment against appellant in the sum of $91.50 upon the trial of a separate suit in the County Court of Allegheny County, for damages to the automobile. It is contended that she was bound to recover every item of damage sustained by her in a single action and that the entry of a judgment in her favor in the County Court action, although admittedly covering only the item of property damage, extinguishes her right to a further recovery for loss of the son's earnings and medical expenses in the present. By virtue of the Act of May 12, 1897, P. L. 62, section 1,* Mrs. Simmons was required to join her cause of action growing out of the son's injuries with that accruing to the son, in a single suit brought in both names, and in that action she might properly have asserted also her claim for damages to the automobile, arising out of the same accident. See *Hug v. Hall,* 79 Pa. Superior Ct. 392; *Frankel v. Quaker City Cab Co.,* 82 Pa. Superior

---

* Restated, without substantial change, by Pa. R.C.P. No. 2228.

Ct. 217; *Smith, Jr. v. Blafkin,* 95 Pa. Superior Ct. 520; *Reeves v. Phila. Gas Works Co.,* 107 Pa. Superior Ct. 422. Her failure to do so, however, cannot be given the effect claimed by appellant, at least under the circumstances of this case. The present action, by the mother and son jointly, for damages occasioned by personal injury to the son, was started on January 26, 1940, and the County Court action by the mother, solely for property damage, was not commenced until March 19, 1940, or about three months later. If, as appellant asserts, a procedural mistake was made in the institution of separate suits, it was bound to take advantage of such error, if at all, in the County Court action, the second action filed, and may not do so in this. As aptly said in *Brice v. Starr,* 93 Wash. 501, 161 Pac. 347: "A subsequent suit may be abated by an allegation of the pendency of a prior suit, but the converse of the proposition is, in personal actions, never true." Having submitted to a trial of the second action without moving for consolidation with the first, or objecting that by it Mrs. Simmons was splitting her cause of action, and having thus invited the alleged error, appellant is now estopped to take the position that there are two actions whereas there should have been only one, and must submit to the recovery in this, the first suit, of all relief that was not actually obtained in the second: *Reeves v. Phila. Gas Works,* supra; *New Orleans v. Gaines,* 138 U. S. 595; *Brice v. Starr,* supra.

In support of the motions for new trial it is urged that the testimony of Simmons as to the speed of appellant's truck should have been excluded, on the ground that his opportunity for observation was not sufficiently favorable; also that the charge of the trial judge was inadequate on burden of proof and the relative value of interested and disinterested testimony. We have considered these several objections in the light of the entire record and all agree that, when so considered, there is substantial merit in none of them.

Judgments affirmed.