## Myers et al. v. Yost, Jr., et al.

*Bulleit & Bulleit* and *Swope, Brown & Swope*, for plaintiffs.

*Eugene R. Hartman* and *Bulleit & Bulleit*, for defendants and additional defendants.

SHEELY, P. J., November 8, 1952.—On March 15, 1951, a collision occurred between automobiles operated by Sterling Myers and Lawrence N. Yost, Jr., as a result of which Joseph H. Ratcliff, who was a passenger in the Yost vehicle, received personal injuries. The vehicle operated by Sterling Myers was owned by Albert Myers and it is alleged that Sterling was operating as the agent of Albert. It is also alleged that Yost was operating his vehicle as an agent of the Bryant Air Conditioning Corporation. Both automobiles were damaged in the collision and Sterling Myers also received personal injuries. The accident therefore resulted in claims on behalf of Joseph H. Ratcliff for personal injuries, Sterling Myers for personal injuries, Albert Myers for damages to his automobile, and Lawrence N. Yost, Jr., for damages to his automobile.

Joseph H. Ratcliff brought an action against Sterling Myers to August term, 1951, no. 122, claiming damages for his injuries. Sterling Myers then issued a writ to join Lawrence N. Yost, Jr., and Bryant Air

Conditioning Corporation as additional defendants in that action alleging that the accident and the ensuing damages to Ratcliff were caused by the negligence of Yost operating his vehicle as the agent of Bryant Air Conditioning Corporation. Bryant Air Conditioning Corporation filed an answer with new matter alleging that Ratcliff was its employe and was therefore subject to the provisions of the Workmen's Compensation Law. Yost filed an answer with a counterclaim against Sterling Myers claiming damages to his automobile, alleging that the accident was caused by the negligence of Sterling Myers.

On the same day that Sterling Myers issued the writ to join Yost and Bryant as additional defendants in the Ratcliff action, Albert Myers and Sterling Myers instituted another action to April term, 1952, no. 163, against Lawrence N. Yost, Jr., and Bryant Air Conditioning Corporation in which Albert Myers claimed for damages to his automobile and Sterling Myers claimed damages for personal injuries. To the complaint filed in this action defendants, Yost and Bryant, filed an answer with new matter in which they allege the prior action against Sterling Myers entered to August term, 1951, no. 122, in which they were brought in as additional defendants, and raise the plea of lis pendens. To this new matter plaintiffs, Albert Myers and Sterling Myers, have filed preliminary objections contending that Albert Myers was not a party to the action entered to August term, 1951, no. 122, and therefore that action could not be lis pendens as to him, and that in any event the two actions are entirely different since that action is based upon the right to recover for personal injuries alleged to have been sustained by Joseph H. Ratcliff while the present action is based upon the right of plaintiff, Albert Myers, to recover for damages to his automobile and the right of Sterling Myers to recover for his personal injuries.

As the record now stands, Albert Myers is not a party to the Ratcliff action entered to August term, 1951, no. 122, and the pendency of that action could not bar his right to maintain the present action. Although counsel for Yost and Bryant suggest in their brief that they desire to join him as an additional defendant in that action, they have not done so. A petition is pending, however, on behalf of Joseph H. Ratcliff to add Albert Myers as a defendant to that action, which petition will be hereinafter considered.

Sterling Myers was the original defendant in the Ratcliff action and he joined Yost and Bryant as additional defendants thereto. Therefore, under Pa. R. C. P. 2255 the procedure must be the same as though Sterling Myers were a plaintiff and Yost and Bryant were defendants and they became adverse parties as to each other. The situation thus presented is the same as that presented in Simodejka v. Williams, 360 Pa. 332 (1948). (For the purpose of clarity the names of the comparable parties will be inserted in the discussion.) There B (Ratcliff), a passenger in a car operated by W (Yost), sued M (Myers), the operator of the other car involved, and M (Myers) brought in W (Yost) as additional defendant. After verdict and judgment M (Myers) sued W (Yost) to recover for his personal injuries. W (Yost) raised the plea of res adjudicata. The Supreme Court said:

". . . when B [Ratcliff] sued M [Myers] who brought in W [Yost], M [Myers] became a plaintiff as against W [Yost]; in other words, as the rule provided, they became adverse parties as to each other as much as the original defendants were adverse to the original plaintiffs. In such circumstances, if the jury should find [as it did find] that M [Myers] and W [Yost] were joint tortfeasors, M [Myers] became entitled to contribution from W [Yost] and was entitled to get it in this action. One of the issues between

W [Yost] and M [Myers] for decision in the case therefore was whether there should be contribution. If one of the elements of M's [Myers] cause of action against W [Yost] was a right to recover for personal injury, M [Myers] should have claimed for it in his complaint against W [Yost] as additional defendant . . . he may not split his cause of action, i.e., W's [Yost] negligent driving, into two parts and bring two suits and get contribution in one and personal injury damage in another suit. . . . The purpose of the rule, as has been stated, was to prevent such multiplicity of suits; M's [Myers] right to personal injury damages should have been tried with the other rights resulting from the collision. Not having chosen to claim all his damages in the prior action the omitted element became merged in the judgment. . . ."

In Goodrich-Amram, 2252(*b*) (1), it is suggested that this case goes very far if it is to be read as making it *mandatory* for D1 to join in the third party proceeding a totally independent claim of his own against D2 for his, D1's, personal injuries. It is suggested that a preferable rule would be the median between that case and the case of Stouffer v. Gephart et al., 65 D. & C. 86 (1947), which forbade D1 making a claim of his own against D2 for his, D1's, injuries even though they grew out of the same accident; namely, that D1 is not obligated to join his own independent claim against D2, but may be permitted to do so if he desires, provided the claim arises out of the same set of circumstances as the claim of P against D1. But how can the case of Simodejka v. Williams be read in any other way than as making it mandatory for D1 to assert his independent claim against D2 for his personal injuries? The court held that having failed to assert the claim he was barred from asserting it in a separate and later action. And, if the rules permit D1 to assert his in-

dependent claim against D2, is he not compelled to do so under the penalty of being barred in a subsequent action on a plea of res adjudicata? In Hochman v. Mortgage Finance Corporation et al., 289 Pa. 260 (1927), the court, in speaking of res adjudicata, said:

"The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule."

If a judgment which might be entered in a pending action could be pleaded in bar as a former adjudication of the same matter by the same parties in a second action, the pendency of the former action can be pleaded in abatement of the second action: 1 Am. Jur. Abatement and Revival, §14.

Counsel for Myers argues that the Rules of Civil Procedure do not make the filing of a counterclaim mandatory for the purpose of protecting the rights of a defendant, referring to Pa. R. C. P. 1031(a), and Goodrich-Amram, 1031(b) (1). Be that as it may, it is not applicable to the present situation. When Sterling Myers joined Yost and Bryant as additional defendants in the Ratcliff action pursuant to Pa. R. C. P. 2255, he became a plaintiff as to them and they became defendants as to him. Any claim which he might file against them would not be a counterclaim but would be an original claim. In effect, he had two claims against them—one for contribution for any damages which Ratcliff might recover against him, and one for his personal injuries. Under the authority of the Simodejka case, these two claims were elements of the same cause of action, i.e., Yost's negligent driving, and

therefore must be asserted in the same suit. The only counterclaim involved in the action is the counterclaim which Yost filed against Myers.

Myers points out in his brief that actually Yost and Bryant were not parties of the Ratcliff action at the time he instituted the present suit against them because the filing of the complaint in the present action and the issuance of the writ to join them as defendants in the Ratcliff action took place on the same day and all papers were served upon them at the same time. But this does not aid him because, in any event, he now has two cases pending against them on the same cause of action, which is not permissible. Plaintiff or, in this case, original defendant, cannot evade the rule prohibiting the splitting of a cause of action by the mere expedient of filing two suits at the same time. In some jurisdictions it is said that where a plaintiff institutes two suits on the same cause of action at the same time he thereby abuses his process and right, and each suit will abate the other, and no subsequent discontinuance of either will make the other good: Beach v. Norton, 9 Conn. 182; Wales v. Jones, 1 Mich. 254; Davis v. Dunklee, 9 N. H. 545; Haight v. Holley, 3 Wend. 258. See Annotation 84 Am. Dec. 454. The rule is clear in Pennsylvania that the plea in abatement must be made in the second action and cannot be filed in the first action even though the second action has, without objection, been permitted to go to trial and judgment: Simmons et al. v. Jesse C. Stewart Company, 346 Pa. 54, 58 (1942). The rule abating both actions seem too harsh but, at least, plaintiff, or original defendant, should be required to elect upon which action he will proceed. He cannot proceed upon both.

The situation hereinbefore discussed relating to the action brought by Albert Myers and Sterling Myers against Yost and Bryant is complicated by the fact that Joseph H. Ratcliff has filed a petition in his action

entered to August term, 1951, no. 122, to amend his complaint and the record so that Albert Myers might be added as an original defendant on the ground that he was the employer of Sterling Myers at the time of the accident.

Pa. R. C. P. 2232 (*c*) provides that "at any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined." Albert Myers, as the alleged employer of Sterling Myers, could have been joined in the action originally had Ratcliff then known of the alleged agency. And, as pointed out in Goodrich-Amram, 2232 (*c*) (2), the consent of the new defendant to be joined is not required. On the other hand, he is not a necessary party, and the action could proceed without him.

If Albert Myers had been joined as a defendant when the Ratcliff action was instituted he would have had the right, under Pa. R. C. P. 2252, to join Yost and Bryant as additional defendants and could have asserted (in fact, would have been compelled to assert) his independent claim against them for damages to his automobile as well as his claim that they were alone liable or jointly or severally liable with him for Ratcliff's claim. He cannot now join them as additional defendants because they are now parties to the action: Pa. R. C. P. 2252. His inability to assert his independent claim for damages to his automobile in this action does not harm him, however, because he now has an action pending against Yost and Bryant to April term, 1952, no. 163, for those damages, which action, under Pa. R. C. P. 213, can be consolidated with this action for trial. Nor does his inability to join Yost and Bryant as additional defendants on the allegation that they are alone liable or jointly or severally liable with him for Ratcliff's injuries harm him since the sole basis of any liability on

38

his part is that he was the employer of Sterling Myers, and therefore liable for his negligence, and Sterling Myers has already joined them as additional defendants on the ground that they are alone liable or jointly or severally liable with him. Thus, any verdict returned against Yost and Bryant would be as much for the benefit of Albert Myers as for the benefit of Sterling Myers. His position would be no different in this respect than it would have been had Ratcliff originally sued all defendants. If Yost and Bryant were not now parties to the action we might be confronted with the problem of whether Albert Myers, having heretofore instituted an action against them for damages to his automobile, could now join them as additional defendants in the Ratcliff action or whether that would constitute splitting his cause of action (the reverse of the problem in the Simodejka case) but that problem does not arise here.

As indicated, Yost and Bryant have signified their desire to have Albert Myers joined in the Ratcliff action. Of course, since he is not the party joining them as additional defendants, Yost could not file a counterclaim against him for his (Yost's) damages to his automobile: Pa. R. C. P. 2255(b). Yost and Bryant would, however, have the benefit of any judgment which might be entered against them and Sterling Myers and Albert Myers, jointly.

Sterling Myers could not be harmed by the joinder of Albert Myers as a defendant since the only additional issue would be that of his agency, the trial of which could not harm him in any way.

If Albert Myers is not joined in this action it would be possible for Ratcliff to obtain the same result by discontinuing the present action and instituting a new action against both Sterling Myers and Albert Myers. Or, he could institute a separate action against Albert Myers in which event it is reasonable to suppose that

Albert Myers would join Yost and Bryant as additional defendants and that Yost would file a counterclaim against Albert Myers and, if this occurred, it is probable that the actions would be joined for trial under Pa. R. C. P. 213. That procedure would raise the question hereinbefore indicated, whether Albert Myers could join Yost and Bryant as additional defendants since he now has an action pending against them for damages to his automobile. If Ratcliff took neither of these actions and recovered a judgment against Yost and Bryant as well as against Sterling Myers, Yost and Bryant could sue Albert Myers for contribution if they were required to pay the entire judgment. As stated in Simodejka v. Williams, 360 Pa. 332, 335 (1948) : "The purpose of the rule, . . . was to prevent such multiplicity of suits."

And it is noted that the name Myers is spelled differently in the two actions. This should be corrected.

And now, November 8, 1952, the preliminary objections filed to April term, 1952, no. 163, are sustained as to the answer filed by Lawrence N. Yost, Jr. and Bryant Air Conditioning Corporation in the action of Albert Myers against Lawrence N. Yost, Jr., and Bryant Air Conditioning Corporation.

The preliminary objections filed to April term, 1952, no. 163, to the answer filed by Lawrence N. Yost, Jr., and Bryant Air Conditioning Corporation in the action of Sterling Myers v. Lawrence N. Yost, Jr. and Bryant Air Conditioning Corporation are overruled, and Sterling Myers will be required, prior to trial, to elect whether to proceed with the claim filed to August term, 1951, no. 122, or the claim filed to April term, 1952, no. 163.

The motion of Joseph H. Ratcliff for permission to add Albert Myers as a defendant to August term, 1951, no. 122, is granted and it is directed that the amended

complaint be served upon him in the manner provided by the Rules of Civil Procedure.

The action of Joseph H. Ratcliff v. Sterling Myers et al., entered to August term, 1951, no. 122, being listed for trial at the November 1952 term of court, and it appearing that the addition of Albert Myers as a defendant therein cannot be completed prior to trial, it is ordered and decreed that the case be stricken from the trial list.

It is further ordered that the actions entered to August term, 1951, no. 122, April term, 1952, no. 163, be joined for trial.