79 So.2d 647 (1955)
Mrs. Althema BENOIT, Plaintiff-Appellee,
v.
COMMERCIAL CASUALTY INSURANCE CO. et al., Defendants-Appellants.
No. 3994.
Court of Appeal of Louisiana, First Circuit.
April 22, 1955.
*648 Stafford & Pitts, Alexandria, for appellants.
J. Minos Simon, Lafayette, for appellee.
TATE, Judge.
This suit is for damages sustained by a wife who was guest passenger in her husband's automobile at the time of an accident. It is, of course, against her husband's liability insurers. Defendants appeal from judgment in favor of plaintiff. Plaintiff has answered the appeal, requesting that the amount of the award be increased.
The undisputed evidence, and finding of the District Court, is that the accident occurred on a rural black-top highway, twenty to twenty-two feet wide, with abutting gravel shoulders of four feet in width. It occurred between 7:30 and 8:00 P.M. on March 2, 1952, during a rainy dark evening, with greatly restricted visibility. Immediately before the accident, plaintiff-wife's husband, Mr. Althema Benoit, driving the vehicle owned by him and insured by defendants herein, drew over partly on his right shoulder to discharge another passenger. His left wheels remained on the black-top portion of the highway. The passenger alighting, Benoit started, pulling to his left onto the right side of the travelled portion of the highway. He was proceeding at slow speed into his right traffic lane when he was struck from the rear by a taxi driven by Arista Theriot, which was travelling in the same direction, at a speed of 35-45 miles per hour. Plaintiff, Mrs. Benoit, sustained certain injuries as a result of this accident.
Defendants' chief defense is that the accident was solely caused by the negligence of Theriot, in not stopping or pulling to the right to avoid striking the Benoit vehicle. Accordingly, defendants urge that no primary or contributory negligence on the part of Benoit was a proximate cause of the accident and of Mrs. Benoit's resulting injuries. Defendants rely on Theriot's testimony that the Benoit automobile came into his lane of traffic approximately 100 feet in front of him, and that the accident occurred within 15 or 20 feet thereafter, and that therefore Theriot could have stopped according to a chart shown at 14 Tulane Law Review 503 within 106.7 feet *649 even if going 40 miles per hour, or before striking Benoit; and could also have gone into the left lane and thus avoided the accident.
In the first place, such tables as referred to are approximations, based on averages, and do not necessarily apply to a given accident other than as a very general rough guide. Further, it is undenied that the black-top was wet and slippery, and of course such tables applying to average stopping times on dry surfaces are not applicable.
In the second place, however, the trial court found that Benoit pulled out from the shoulder immediately in front of Theriot, or when there was "little distance separating both cars". This conclusion is supported by the evidence of the passenger in Theriot's automobile and of a bystander. Theriot himself testified he just had time to apply the brakes before crashing into Benoit's car.
While perhaps Theriot might have avoided the accident by pulling to the left, his failure to do so does not necessarily constitute negligence in an emergency created by the negligence of the preceding driver. Also, he testified that he could not do so because the black-top was slippery, and he was afraid that he would lose control of his car if he attempted to turn quickly to the left.
Actually, the question involved is whether any negligence of Benoit whether concurrent and contributory or not, was a proximate cause of the accident and the resulting injuries. We feel, as did the District Court, that Benoit was clearly negligent, and that this negligence was a proximate cause of the accident, when he turned, or started onto the highway from his parked position partly on the shoulder, without yielding the right of way to the traffic approaching from the rear. LSA-R.S. 32:235, 32:236, subd. A, 32:237, subd. E, see Bankston v. Baton Rouge Bus Co., Inc., La.App., 1 Cir., 58 So.2d 232. Further, Benoit pulled into the highway although due to misty windows his vision to the rear was obscured. Cases relied upon by defendant to show Benoit was not negligent concern instances where the rear car struck the forward car when the latter was either slowing to stop; or else had already after returning to the travelled portion of the road, proceeded for some distance before being struck from the rear.
Plaintiff was awarded $2,000 damages for pain, suffering, and discomfort, suffered as a result of an injury to her neck and spine. While plaintiff's expert witness, Dr. Blase Salatich, orthopedic surgeon was of the opinion that the whip-like force exerted on the head and neck had produced permanent damage to a cervical vertebrae, with permanent pain and restriction of motion; the District Court based on findings of the general practitioner, of Dr. Homer Kirgis, neuro-surgeon, of the Ochsner Clinic, and of Dr. James Gilly, orthopedic surgeon of Lafayette, found that the complaints of plaintiff as of the time of trial were exaggerated, but that she had suffered an injury causing some pain, suffering and discomfort, although not causing serious and permanent organic disturbance or injury.
We feel that the District Court's award of damages for subjective pain and suffering in the amount of $2,000 occasioned by the injury resulting from the negligence of defendants' insured is supported by the evidence, and this factual determination being not manifestly erroneous, we will neither increase or decrease this award.
The co-defendant insurance companies had jointly issued the policy involved. But, as alleged in defendants' answer and proven by the policy itself, the Firemen's Insurance Company of Newark, New Jersey, was liable thereunder only for comprehensive (including fire, theft, and windstorm) and for collision coverage. It was not liable thereunder for bodily injury liability, which liability co-defendant, the Commercial Casualty Insurance Company, had underwritten. Inadvertently, the judgment below held both defendants liable in *650 solido, and therefore the judgment must be amended to cast only this latter company.
For the above and foregoing reasons, the judgment of District Court herein is amended so as to dismiss the suit insofar as co-defendant Firemen's Insurance Company of Newark, New Jersey, is concerned, but to affirm it against the Commercial Casualty Insurance Company and in all other respects. Costs of all proceedings and of this appeal to be paid by the appellant, Commercial Casualty Insurance Company.