LOUIS H. YARRUT, Judge ad hoc.
Plaintiffs-appellees, Mr. and Mrs. William H. Denney, sued Mrs. Louise Cook and her husband, William Cook, and their public liability insurer, United States Casualty Company, to recover damages for personal injuries sustained by Mrs. Denney, and property damage and medical expenses, charging Mrs. Cook with negligence in the operation of an automobile on July 24, 1953,. at about 11:15 A.M. on U. S, Highway No. 61 (Air Line Highway) at the intersection of Maple Ridge Drive, when an automobile driven by Mrs. Denney and one driven by Mrs. Cook were involved in a. collision at that intersection.
Neither Mrs. Cook nor her husband was cited or made an appearance.
Judgment was rendered only against the Defendant Insurance Company, which company has appealed from the judgment awarding plaintiffs a total of $5,572.53.
Mrs. Cook admits that she drove her automobile into the rear of the plaintiffs’ automobile as Mrs. Denney was stopped at *633 the intersection in obedience to a semaphore electric traffic signal controlling that intersection.
Defendant Insurance Company contends the accident was due solely to the sudden stopping, without notice, of the Denney •car at the traffic light.
The admissions of Mrs. Cook under cross-examination are conclusive of her negligence. She admitted that for nine "blocks — say 2,700 feet — she had followed the Denney automobile about two car-lengths behind; that she had travelled that "highway many times before and was familiar with the locality and the traffic signal; that she could see in the distance as she followed the Denney car, that the light was green but turned amber; and that she ran into the rear of said automobile as it stopped at the traffic signal.
Mrs. Cook epitomized what happened in the following testimony:
“A. Well, it stopped suddenly. I saw the light turn from green to amber and this car just stopped, just like that.
“Q. Do I understand, what did the Nash automobile do when the light changed from green to amber? What •did it do? A. It stopped.
“Q. Was the light amber at the time that the Nash automobile was brought to a stop? A. It was on amber, between.
“Q. Go ahead, You explain it. A. "Well, it switched from green to amber mad the car stopped like that. I expected the car to go through.
“Q. The light was clear or green permitting the movement of traffic towards Baton Rouge where you were proceeding? A. Yes.
“Q. When the Nash automobile got to Maple Ridge Drive, did the light •change from green? A. It turned to ¿amber.
“Q. What did the Nash automobile do the moment it changed to amber? A. It stopped.
“Q. How far were you to the rear of that car when it was brought to this sudden stop ? A. I would say two car lengths.”
From the above testimony of Mrs. Cook, if she had not run into the rear of the Denney car, she would have crashed the red light.
In Zandras v. Moffett, 286 Pa. 447, 133 A. 817, 47 A.L.R. 699, it was held that automobiles approaching an intersecting street must have their vehicles under control, prepared to stop if directed to do so by traffic signals; that the driver of an automobile is not negligent in stopping in obedience to a traffic signal.
In the case of Zandras v. Moffett, supra, a motorist stopped in obedience to a red traffic signal at a crossing, and the court held that he was not negligent but the motorist, about ten feet back of him, was held guilty of negligence in failing to look for the signal.
A motorist driving an automobile in an area governed by traffic signals must be on the lookout for warnings and have his vehicle under such control as will enable him promptly to obey the signals, which he is bound to discover.
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway. LSA-R.S. 32:234.
Accordingly, the collision was due solely and only to the negligence of Mrs. Louise Cook in failing to keep a proper lookout, failing to keep her car under control, and in failing to observe the changing traffic light, which was in full view at an intersection with which she was familiar.
*634 With reference to quantum, the testimony of Dr. Dan R. Baker, plaintiffs’ expert, is that Mrs. Denney had no deformities; the movements of her head and neck were within normal limits; her heart and lung’s were normal; there was no residual of the contusion which she stated she received to the anterior chest wall, which she claimed was blue after the accident; there was no- tenderness or discoloration of the anterior chest wall, normal abdomen, no hernia; the movements of the back were guarded by the patient; she complained of pain in the lower part of the back on the left side. There was tenderness over the superior medial portion of the attachments of the left ludias maxmus muscle; X-rays of the lumbar spine were negative for fracture and bone pathology; movements of the upper and lower extremeties were within normal limits and not painful.
Dr. John Atkinson, also a medical expert on behalf of Mrs. Denney, found that:
“Well, on the examination I found this marked tenderness and pain over the anterior surface of the chest and more severe at the junction of the second, third, and fourth ribs and tenderness at the junction of the occipital, the back of the head, and the cervical spine.
“Tenderness and pain of the neck muscles and left shoulder area. Tenderness and pain of the back muscles down to the sacroiliac junction, the left sacroiliac. Pain and tenderness across the left sciatic nerve from the lumbar region to the calf of the left leg.”
The medical testimony clearly indicates that plaintiff, Mrs. Denney, was totally disabled for only one month and partially disabled for four and one-half months.
Under the circumstances, the award of $5,000 to Mrs. Denney for injuries of such limited scope and duration, with no residual disability, is excessive; $2,500 would be more in keeping with the jurisprudence for comparable injuries. Powell v. Ice Service, Inc., La.App., 36 So.2d 888; Boudreaux v. Cagle Motors, La.App., 70 So. 2d 741; Mansfield v. Toye Bros. Yellow Cab Company, La.App., 78 So.2d 544; Benoit v. Commercial Casualty Insurance Co., La.App., 79 So.2d 647; Rhymes v. Guidry, La.App., 84 So.2d 634; Jackson v. Firemen’s Insurance Company, La.App., 86 So. 2d 220.
Accordingly, the judgment of the district court will be amended so as to reduce the award to Mrs. Denney to $2,500, and, as thus amended and in all other respects, the judgment appealed from is affirmed at the cost of appellant.
Amended and affirmed.