GLADNEY, Judge.
This action was brought by husband and wife for injuries received by the latter in an automobile accident occurring about 8:00 o’clock P.M. on August 10, 1957, on State Highway No. 171, near Summer Grove, in Caddo Parish. Made defendant is Southern Farm Bureau Casualty Insurance Company, the insurer of Bob B. Midyett, Sr., whose son, Bob B. Midyett, *338 Jr., was operating the insured vehicle at the time of its collision with an automobile operated by Mrs. Anna Bell Lollar. From a judgment rejecting plaintiffs’ demands, only Mrs. Lollar has appealed.
At about the above stated time, Mrs. Lollar, who was driving her Buick automobile from Mansfield to Shreveport, pulled onto the shoulder of the road for the purpose of cleaning her windshield. She testified :
“I got back into the car and put it in drive. And I looked both ways. There was nothing coming from in front of me, but I saw the lights from a vehicle of some sort coming from behind, but I knew that it was far enough down the road * * * looked to be about a quarter of a mile down the road. Well, I knew I had plenty of time to pull onto the highway and get straightened out on my side of the road before that car, I thought, had time to get on it.”
Questioned as to how far her car had traveled before the accident happened, she said: “Somewhere between four and five hundred feet”, and she also stated that she had resumed a speed of between 20 and 30 miles per hour when struck. Further testifying about the occurrence of the accident she related her windshield had become muddy from a passing car and after coming over a little incline she came to a level surface in the highway and pulled off on the right shoulder and when she had completed wiping the windshield, she “ * * * pulled onto the pavement and had just started off when I got hit.”
Young Midyett testified he was traveling toward Shreveport with his cousin, Peri-lynn Midyett, at a speed of approximately 55 miles per hour, at which time it was misting rain and his windshield wipers were still functioning; that there was considerable southbound traffic along the road which he described as slightly hilly and somewhat curved; and that upon approaching the scene of the accident he started up a rather long incline, which was less than a quarter of a mile to its crest, and after leaving the crest of the hill the highway levels off on a plateau surface. He further stated that just as he topped the hill he immediately saw the Lollar car and proceeded to apply his brakes in an effort to avoid a collision with the other vehicle, which was about 100 feet away; that the pavement was wet and slick and because of meeting oncoming traffic he cut his wheels to the right in an effort to avoid a collision, but to no avail. It was his testimony he could not foresee danger of a collision until he topped the crest of the hill.
Besides Perilynn Midyett, whose testimony was excused by agreement of both sides, Robert Estes was the only other eyewitness to the collision. Estes said he was visiting at the home of his son, Delbert Estes, 9049 Mansfield Highway; that his son’s house is back from the highway about 125 feet with the floor of the house lower than the surface of the highway; that he was seated and looking through the door of the house and saw a car stop directly in front; that Mrs. Lollar got out of the car and wiped off its windshield and headlights; and that he then got up and stood in the door and a few seconds later saw a car come over the hill. He testified further:
“But I seen (sic) it looked like there was going to be a wreck and there was. And the lady — there was one lady driving the car alone in the car, and a young fellow, and a young lady in the car that was coming behind her and hit her directly in front of my son’s house.”
He said he could not be sure Mrs. Lollar had started driving off at the time, but if she had:
“She had probably — if she had moved at all, she probably might have driven ten or fifteen feet by the time this impact hit her, the car hit her.”
He estimated the speed of the Midyett car at 40 to 50 miles per hour.
*339 Following the accident Trooper H. L. Porter investigated the wreck. He quoted Mrs. Lollar as saying that she got back into her car and was pulling onto the highway when the other vehicle came over the crest and struck her from the rear.
Counsel for appellant earnestly insists that in resolving the issue, which is largely a factual one, against his client, the trial judge erred in failing to find the driver of the Midyett car negligent, first in traveling at an excessive rate of speed under existing conditions; second, because of the failure of Midyett to maintain a proper lookout; and third, in not finding plaintiffs were entitled to recover under the last clear chance doctrine. Appellee defends the case on the theory Mrs. Lollar was guilty of negligence at least of a contributory nature in several particulars, and especially in that she failed to maintain a proper lookout and failed to yield the right-of-way.
After careful consideration of the testimony, we have concluded Mrs. Lollar was guilty of contributory negligence in driving her car from a parked position into the main highway without making proper observation for on-coming traffic, and at a time when it was unsafe for her to make such a maneuver. Whether or not young Midyett was also guilty of negligence in traveling at an excessive rate of speed is not controlling because we are of the opinion the negligence of Mrs. Lollar was a proximate, if not the only, cause of the accident.
Not infrequently we have had occasion to interpret the provisions of LSA-R.S. 32:236, subd. A which provide the driver of a vehicle upon a highway before starting from a direct line shall first see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, he shall signal the driver of any other vehicle. The rule is that the operator of a motor vehicle who desires to make a left turn carries the responsibility of being certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right-of-way.
In Benoit v. Commercial Casualty Insurance Company, La.App.1955, 79 So.2d 647, 649, the driver of an automobile turned or started onto a highway from his parked position on the shoulder, without yielding the right-of-way to traffic approaching from the rear. The facts of the case are similar to the facts found in the instant action. Benoit drew over partly on his right shoulder to discharge a passenger. His left wheels remained on the black-top portion of the highway. The passenger, alighting, Benoit started, pulling to his left onto the right side of the traveled portion of the highway. He was proceeding at slow speed into his right traffic lane when struck from the rear by a taxi, which was traveling in the same direction at a speed of 35 to 45 miles per hour. The court resolved the question of Benoit’s negligence with the following comment:
“Actually, the question involved is whether any negligence of Benoit whether concurrent and contributory or not, was a proximate cause of the accident and the resulting injuries. We feel, as did the District Court, that Benoit was clearly negligent, and that this negligence was a proximate cause of the accident, when he turned or started onto the highway from his parked position partly on the shoulder, without yielding the right of way to the traffic approaching from the rear. LSA-R.S. 32:235, 32:236, subd. A, 32:-237, subd. E, see Bankston v. Baton Rouge Bus Co., Inc., La.App., 1 Cir., 58 So.2d 232. Further, Benoit pulled into the highway although due to misty windows his vision to the rear was obscured. Cases relied upon by defendant to show Benoit was not negligent 'concern instances where the rear car struck the forward car when the latter was either slowing to stop; or else had already after returning to the travelled portion of the road, proceeded for some distance before being struck from the rear.”
*340 The argument of counsel for appellant for invoking the doctrine of last clear chance is untenable under the established facts which disclose Midyett discovered the danger timely, but he had no opportunity to avert the accident.
We find Mrs. Lollar was negligent under the circumstances established by the testimony of Estes and Midyett, particularly in that she failed to make sufficient observation of approaching traffic before she turned upon the highway. It is our opinion such negligence was a proximate cause of the accident, and that such would be true if we should find Midyett guilty of excessive speed. The contributory negligence of Mrs. Lollar is sufficient to bar appellants’ right of recovery.
For the reasons hereinabove set forth, we find there is no manifest error in the judgment from which appealed, and, accordingly, it is affirmed at appellants’ cost.