TATE, Judge.
This suit is filed by plaintiff Hudson to recover from the defendant Walker the value of a neon sign which was destroyed in a hurricane (“Audrey”) on June 27, 1957. Allegedly, the defendant had contracted to remove and store said sign but had negligently left it uncrated and at the mercy of the elements, as a result of which it was destroyed during the hurricane.
Defendant Walker impleaded the Travelers Insurance Company as third-party defendant. According to the allegations of the third-party petition, this insurer had issued a public liability policy in effect at the time of the accident which covered any liability for which defendant Walker might be cast in this suit. This insurer filed an ex *592 ception of no cause of action and also an answer which in part alleges (art. 3): “That the policy of insurance does not afford Jeff Walker and/or his employees coverage under its very terms.”
The exception of no cause of action was overruled, trial was had on the merits, and judgment was rendered in favor of the plaintiff and against the defendant in the amount of $800. Further judgment was rendered in the same amount upon the third-party demand in favor of the defendant and against the third-party defendant, the Travelers Insurance Company. Only this latter party appeals from said judgment.
The insurance contract upon which defendant Walker relies (Policy Number DS5S81358, dated July 10, 1956) is a policy issued jointly by the Travelers Insurance Company and the Travelers Indemnity Company. All parties apparently overlooked and did not call to the attention of the trial court at the time this policy was introduced in evidence during the trial that under its terms the third-party defendant, the Travelers Insurance Company, was not the insurer for damages caused to “property” but only for damages arising because of “bodily injury”. Under this contract, the co-insurer, the Travelers Indemnity Company, is liable to pay for property damage when such loss is otherwise within the coverage of the policy. (See Appendix for quotation in full of applicable policy provisions.)
Since the present suit is for property damage only, and since under the specific terms of the insuring contract the third-party defendant is not responsible for liability for property damage, we must hold that this defendant insurer is without liability herein under the specific terms of its insurance policy jointly issued by it and its co-insurer. See Benoit v. Commercial Casualty Insurance Co., La.App. 1 Cir., 79 So.2d 647.
For the reasons above assigned, the judgment in favor of the defendant-appellee Jeff Walker, as third-party defendant, is reversed; and the third-party demand is dismissed at the cost of said third-party plaintiff.
Reversed.
Appendix
The pertinent insuring agreements of the policy are as follows:
“The Travelers Insurance Company and the Travelers Indemnity Company, Hartford, Connecticut (Bach a Stock Insurance Company, Herein Called the Company) Severally Agree with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy, provided The Travelers Insurance Company shall he the insurer with respect to Coverages A and C and no other and The Travelers Indemnity Company shall be the insurer with respect to Coverage B and no other: (Italics ours.)
“Insuring Agreements
“Coverage A-Bodily Injury Liability
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.”
“Coverage B-Property Damage Liability
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined.”
“Coverage C-Medical Payments
“To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident and arising out of the ownership, maintenance or use of premises owned, rented or controlled by the named insured and the ways immediately adjoining on land, or operations of the named insured."