BARHAM, Judge.
This is a suit in tort arising from a collision in front of Cotton’s Grocery in the 3600 Block of Lakeshore Drive in Shreveport, Louisiana. The collision involved a Plymouth automobile operated by defendant, and a small Austin-Healey automobile owned by Hubert E. Price and operated by his minor son, James E. Price. Elizabeth Gayle Price, minor daughter of plaintiff, was a guest passenger seated on the right front seat of the Austin-Healey at the time of the accident. Plaintiff brings this action individually and as Administrator of the estate of his minor children for property damage and the personal injuries suffered by the minors.
The defendant answered, denying negligence, alternatively pleaded the contributory negligence of James E. Price as a bar to recovery and reconvened for damages, al *126 leging the negligence of James E. Price as the only proximate cause of the accident. From a judgment in the trial court in favor of plaintiff, individually, for $736.00, for property damage, and as Administrator of the estates of the minors in the amount of $100.00 for the personal injury of James E. Price, and $150.00 for Elizabeth Gayle Price’s injury, the defendant, plaintiff-in-reconvention, has appealed.
The collision occurred on July 20, 1966, at approximately 7:00 o’clock, P.M., and according to the police report, while it was raining and the streets were in a wet and slippery condition. At the point of collision Lakeshore Drive is a four-lane street accommodating two lanes of traffic east and two lanes of traffic west. The posted speed limit for this location is 35 miles per hour. Defendant, Malone, was driving his Plymouth in an easterly direction and had stopped in the north lane for eastbound traffic preparatory to making a left turn into the parking lot of Cotton’s Grocery on the north side of the street. The Austin-Healey automobile was traveling in a westerly direction approaching this location.
Defendant stated that before he turned he could observe traffic for two and one-half blocks down Lakeshore Drive. He further testified that he never saw the Austin-Heal-ey automobile before the impact. He testified that he made a left turn toward the parking lot of Cotton’s Grocery across two lanes of eastbound traffic at a slow rate of speed. As he was about to enter the parking lot, the Austin-Healey automobile struck the right rear of defendant’s Plymouth. The passenger in the defendant’s automobile testified that he saw the Austin-Healey at the beginning of the left turn. Two other witnesses for the defendant testified that they saw the Austin-Healey at a distance of a block or more from the point of collision prior to the accident. The latter three witnesses also testified that the speed of the Austin-Healey was excessive with estimates as high as 60 to 65 miles per hour. Both James E. Price and his sister testified that the speed of their car was no more than 35 or 40 miles per hour. They further testified that at the time of collision defendant’s Plymouth was occupying the entire north lane and a portion of the center lane for eastbound traffic so that they could not avoid the collision. They testified that brakes were applied as soon as they observed the turning automobile.
The law is replete with pronouncements of the burden of extra care placed upon a left turning motorist.
“A left turn is one of the most dangerous maneuvers a motorist can make and it should be executed with great caution and the exercise of a very high degree of care.” Griffin v. Whiteman, La.App., 169 So.2d 639 (4th Cir., 1964); Martin v. Weaver, La.App., 191 So.2d 744 (2d Cir., 1966).
This Court stated in Madison v. Southern Farm Bureau Casualty Insurance Co., La.App., 120 So.2d 342 (2d Cir., 1960) that:
“Moreover, when a left turn is being made and an accident occurs, the burden rests heavily on the driver who is attempting the maneuver to explain how the accident occurred and to show that he was free of negligence. Codifer v. Occhipinti, La.App., 57 So.2d 697. And, as stated in Lollar v. Southern Farm Bureau Casualty Ins. Co., La.App., 113 So.2d 337, 339,
“ ‘ * * * The rule is that the operator of a motor vehicle who desires to make a left turn carries the responsibility of being certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right-of-way.’ ”
The trial court found that the defendant, Walter Malone, did not exercise that degree of care incumbent upon him to insure that his left turn into the parking lot could be safely negotiated without endangering oncoming vehicles. It is obvious that he was negligent in failing to see what *127 he should have seen and what all other witnesses to the accident did see. The plea of contributory negligence urged by the defendant is an affirmative defense. He bears the burden of supplying a preponderance of the evidence of that negligence which he contends is causative of and contributing to the accident. In the instant case defendant has not discharged this burden of proof. The mere surmises of the witnesses are not sufficient to establish an excessive rate of speed by the driver of the Austin-Healey which was a contributing cause to the accident. The district court made a factual and credibility determination with which we are in accord.
The judgment appealed from is affirmed and the costs of this appeal are taxed against appellant.